*41
 
 Daniel, Judge.
 

 — The plaintiff offered a copy of the deed from Carson to himself to complete his .chain of title, so as to show that he had a constructive possession of the lands trespassed on by the defendant. This evidence was properly rejected, as he had not accounted for the original deed, which was the best evidence of his title. The practice has invariably been to receive the affidavit of the party, as to the loss or destruction of the original. In
 
 Taylor
 
 v.
 
 Riggs,
 
 1 Peters’ Rep. 591, the Court say, that the affidavit of the party to the cause, of the loss or destruction of an original paper, offered in order to introduce secondary evidence of the contents of the paper, is proper. If such affidavit could not be received, of the loss of a written contract, the contents of which are'well known to others, or a copy of which is at hand, a party might be completely deprived of his rights, at least in a court of law.
 

 It is a sound general rule, that a party cannot be a witness in his own cause; but many collateral questions arise in the progress of a cause, to which this rule does not apply. Questions which do not involve the. matter in controversy, but matter which is auxiliary ‘to the trial, and which facilitates the preparation of it, often depends upon the oath of the party. An affidavit of the materiality of a witness, for the purpose of obtaining a continuance, or a commission to take depositions, or an affidavit of his inability to attend, is usually made by the party, and received without objection. On incidental questions, which do not affect the issue to be tried by the jury, the affidavit of the party is received. The testimony which establishes the loss of a paper, is addressed to the Court, and does not relate to the contents of the paper. It is a fact which may be important as letting the party in to prove the justice of the cause, but does not itself prove any thing in the cause. And as a matter of practice, it may be observed, that it ought to be in writing, that the Court only may hear it.
 

 Secondly. Trespass to lands is an injury to the possession ; and the plaintiff must show, that he has either a constructive or an actual possession of the
 
 locus in quo.
 
 
 *42
 
 The plaintiff having failed
 
 to
 
 show that he had
 
 any
 
 title to the land, when the supposed trespass was committed, therefore, failed to show a constructive possession; then the Court was certainly right, in stating to. the plaintiff, that he could not proceed without showing an
 
 actual
 
 possession of the
 
 locus in quo
 
 the trespass was alleged to háve been committed.
 

 Per Curiam. Judgment affirmed.