Nash, C. J.
 

 The question referred to this Court, is, did the plaintiff in the trial below, show such a possession of the
 
 locus in quo,
 
 as to enable him to maintain this action ? The plaintiff claimed title to two coterminous tracts of land: he showed a good title to one, on which he lived and cultivated, and a deed of conveyance, in fee simple, from one Jordan to the other tract for two hundred acres of land, on which the said trespass was committed. The defendant has no title to the
 
 locus in quo.
 
 Several points were made by the plaintiff’s counsel in the argument here. The first was, that under the private Act of ’30-’31, his title under the Jordan deed, was complete. It is a sufficient answer to say that deed has no recitals to be verified by its execution. The construction and
 
 *95
 
 operation of that Act has been discussed, this term of the Court, in other cases; and we do not deem it necessary to enter into it here.
 

 The conveyance from Jordan to the plaintiff, is a simple deed without marks and boundaries, and the case states there is no marked line between the land of the1 defendant and that of the two hundred acre tract. The second position taken by the plaintiff, is, that the possession of the. tract on which the plaintiff lived, gave him under the Jordan deed, the constructive possession of the two hundred acre tract, which is sufficient to maintain trespass against a wrong-doer; and to support this position, we are referred to the case of
 
 Carson
 
 v. Burnett, 1 Dev. and Bat. 546. This case does not bear out the plaintiff’s claim: it is rather an authority against him. It decides, that when a man holds two tracts of land, under different titles and different boundaries, the actual possession of one of the tracts is not the actual possession of the other. In the case before us, it will be seen, that the plaintiff had no actual possession of the Jordan tract.
 

 The third point.is, that the plaintiff had the actual possession of the Jordan tract, and if his title had not ripened into an indefeasible one by actual possession for seven years, yet he had a possession sufficient to sustain an action of trespass against a wrong-doer. Eorthis we are referred to the leading case of
 
 Myrick
 
 v.
 
 Bishop,
 
 1 Hawks, 485. In that case the plaintiff exhibited a deed for the land on which the trespass was committed and an
 
 actual possession
 
 of part, but not for seven years: the Court decide that his
 
 actual
 
 possession extended to all the land embraced within his deed, there being no adverse possession in any part. What constitutes an actual possession of land, so as to sustain an action of trespass, is so fully stated in the case of
 
 Loftin
 
 v.
 
 Cobb,
 
 1 Jones’ R. 406, that we do not deem it necessary to minutely review the cases to which we have been referred ; they are all, with a few exceptions, reviewed and commented on in that case. Some few of them, we shall call attention to, as more peculiarly applicable to this case. In
 
 Williams
 
 v. Buchanan, 1 Ire. 535, the
 
 *96
 
 Court decide that
 
 “
 
 possession of land, is denoted by the exercise of acts of dominion over it, in making the ordinary use, and taking the ordinary profits of which it is susceptible in its present state,
 
 such acts to be so repeated as to show that they are done in the character of
 
 owner, and not of an occasional trespasser. In
 
 Andrews
 
 v. Mulford, 1 Hay. 311, the Court say, that putting cattle'to range on land’is not talcing possession. And in
 
 Grant
 
 v.
 
 Winborne, 2
 
 Hay. 56, the Court decide, that feeding cattle and hogs, or building hog-pens, or cutting wood from off the land, may be done so secretly, as that the neighborhood may not take notice of it,
 
 and if they should, such facts do not prom an adverse claim, as all these are but acts of trespass.
 
 In
 
 Green
 
 v. Harman, 4 Dev. 158, the Court intimate the opinion, that making turpentine as practiced on lands fitted for it, would be a sufficient possession for the reasons therein stated. . “ That it does not consist in single acts of trespass, like
 
 cutting down frees and carrying them away.” .
 

 The case expressly states that no possession by residence or cultivation of the two hundred acre tract was shown by the plaintiff, it being wholly swamp pocosin land. The plaintiff relies, however, upon the principle, that he made such use of the land, as from its nature, being pocosin land, it was susceptible of; and'upon the fact, that he had thrown bridges across the ditches of the public road, which runs through the land at different places, to enable his cattle to pass over into the swamp, which they did, and
 
 had also occasionally got timber upon it.
 
 "We have seen that neither of these acts, in themselves, constitutes such a possession in the absence of a title, as will support an action for a trespass: that the depasturing of the cattle will not answer, neither will the cutting the timber
 
 occasionally,
 
 as stated in the case.
 

 Rut it is said that when the plaintiff went upon the premises and ordered off the workmen of the defendant, that they all, with their tools, went into the public highway, and he was then in the
 
 pedis positio
 
 of the land covered by his Jordan deed. We do not concur in this proposition. The servants of
 
 *97
 
 the defendant did, upon the command of the plaintiff, leave the spot where they had been working, and went into the public highway; hut they there deposited their tools and left one of their number in charge of them, the rest went to the defendant, who soon returned with them, and by his direction
 
 went, into the locus in quo,
 
 and recommenced their work against the express remonstrance of the plaintiff. Erom the circumstances stated, the defendant, by his servants, were in the actual possession of the land when the plaintiff went upon it. The leaving of the premises by the servants, and their immediate return, accompanied by the defendant, was one continuous act. The workmen left their work,, with an evident
 
 cmi-mus revertendi,
 
 and when the plaintiff, went off. the premises, he left the defendant in the actual possession. If the plaintiff can maintain this action, then certainly, the defendant can maintain a similar one against him, for-going on the land and ordering his servants off; neither party had such possession as would support an action of trespass., The plaintiff had not acquired any legal title to the two hundred acre tract, and the acts set forth do not amount to a possession; they are mere acts of trespass. The case states there are no courses or distances in the deed to the plaintiff, which called for the lines of Sharp’s deed to the defendant, nor in that of the defendant which called for the lines of the plaintiff,
 
 nor were there any marhed lines.
 
 It further states,.that the deed from Sharp to the defendant described it as meeting the lines of the cultivated tract of the plaintiff, and as running along his line through a pocosin to Chowan river. The plaintiff contends that this is an acknowledgment on the part of the defendant, that the line in, the plat running due east from the south-east corner of the plaintiff’s cultivated land through the pocosin, was the southern boundary of the two hundred acre tract, and that this latter tract belonged to the plaintiff. We do not see how this fact betters the jolaintiff’s. claim. The admission by the defendant could not confer a title upon the plaintiff, and the case expressly states that the plaintiff’s title under the Jordan deed, had not ripened into full title, by a seven years’ posses»
 
 *98
 
 sion; neither could that deed to the defendant, establish the boundary of the Jordan tract, but simply acted as a declaration where his line was, or ought to be, for it is admitted there is no marked line there. Admit all, however, that the plaintiff asks upon this point, still the question remains upon which the action rests: had the plaintiff such a- possession as will sustain'an action of trespass against a mere wrong-doer? We think not.
 

 There is no error .in the judgment below, and it is affirmed.
 

 Pee Cueiam.