Nash, C. J.
 

 The defendant makes title under the statute of limitations. His paper title is defective; in other words, the piaintiff’s title is the preferable one, unless he has, by permitting the defendant to remain in the' adverse possession of the premises,-until his title has been ripened into an inde-fensable one so far as the plaintiff is concerned. The time is, by our statute, seven years. The defendant took possession of the premises, in dispute, by erecting the shed in February or March, 1847. In order to make out his possession for the time required to ripen liis title, it was necessary for him to show that he took possession in February. The case states that he took possession in February or in March, 1847. This alternative time will not answer — the law ripens the defective title of the possessor only after a seven years’ possession before the commencement of the action, to be calculated from the time when he went into the possession, the
 
 onus
 
 being on him, thereby giving to the rightful owner an opportunity to try the title by an action of ejectment. Here the defendant needs one month to make out his full time. The Court cannot depart from the law, and say that a less time, than that established by the act, shall suffice. If we can say-six years and eleven months will answer, with equal propriety, we can say six years and six months will, or any less time will. The Legislature makes the law, our business is to expound it.
 

 Pee Cueiam:. There is no error. Judgment is affirmed.