## STATE v. F. H. WATSON.

*Removal of Division Fence, not indictable.*

The removal of a fence dividing the fields of the defendant and the prosecutor, is not indictable under the statue (Bat.'Rev., ch. 32, § 93,) where the fence is altogether on the land of the defendant.

(*State* v. *Mason*, 13 Ired., 341; *State* v. *Williams*, Busb., 197, cited and approved.)

INDICTMENT for a misdemeanor tried at January Term, 1882, of WAKE Superior Court, before *Gilmer, J.*

The defendant was indicted for removing a fence contrary to the statute. Bat. Rev., ch. 32, § 93. The jury returned a special verdict as follows: On the 27th of March, 1881, the defendant without the consent of the prosecutor

moved a certain fence, dividing the cultivated field of the prosecutor from the field of the defendant and his brother. The said fence was established four years ago by the prosecutor and one Montague (who has since conveyed his land to the defendant and his said brother) as a division fence between them, but was located altogether on the land of said Montague, since conveyed as aforesaid to the defendant and his brother; and that only two months and nine days' notice was given to the prosecutor of the defendant's purpose to move the fence. If upon the foregoing facts, the court shall be of opinion that the defendant is guilty, then the jury find him guilty; and if otherwise, they find him not guilty. The judge being of opinion in favor of the defendant, gave judgment accordingly, and the solicitor for the state appealed.

*Attorney General*, for the State.
*Messrs. A. M. Lewis & Son*, for defendant.

RUFFIN, J. It being ascertained by the verdict that the fence, the removal of which gives rise to this prosecution, was altogether upon the defendant's land, the case falls within the decisions made in *State* v. *Mason*, 13 Ired., 341, and *State* v. *Williams*, Busb., 197. In both of those cases, the indictment proceeded under this same statute, and the construction given to it by the court, is, that it was not intended to embrace a case of destruction of property by the owner thereof; but that to bring a case within it, the party accused must be shown to have been guilty of an actual trespass upon the property of another. We cannot see that the case is at all varied by the fact, that the fence was intended to be a dividing one between the fields of the defendant and the prosecutor. As found by the jury, it was built upon the land which subsequently became the property of the defendant, and was in his actual possession; and

while he may have violated another statute (Bat. Rev., ch. 48, §§ 9, 10,) so as to render him civilly liable, he cannot be proceeded against under an indictment.

No error.                                        Affirmed.