STATE v. JOHN REYNOLDS *et als.*

*Injuries to Houses—Possession—Trespass.*

1. One who peaceably enters upon land, believing at the time that he had the right to do so, and erects houses thereon, but, being still in possession, tears them down and removes them upon discovering that he was upon the lands of another, is not such a trespasser as will subject him to a conviction under §1062 of *The Code.*

2. Possession, actual or constructive, is essential to the maintenance of an action for trespass.

STATE v. REYNOLDS.

(*State* v. *Williams*, Busb., 197; *State* v. *Watson*, 86 N. C., 626; *Tredwell*
v. *Reddick*, 1 Ired., 56; *Myrick* v. *Bishop*, 1 Hawks, 485; *McCormick*
v. *Monroe*, 1 Jones, 13; *Dobbs* v. *Gullidge*, 4 D. & B., 68 ; cited and
approved).

This was an INDICTMENT against the defendant for tearing
down and demolishing a certain house alleged to be the prop-
erty of one F. T. Baldwin, tried before *Boykin, Judge*, at the
February Term, 1886, of RICHMOND Superior Court.

The facts were, substantially, that the land upon which the
houses in question were situated, was a lappage upon land
which the prosecutor had purchased from one W. F. Roper,
and that claimed by the defendants, which John Reynolds,
one of them, had bought from one Usry, and had first
obtained a bond for title, and subsequently a deed for the
same, delivered after the institution of the prosecution.

Neither Baldwin nor Roper had ever had possession of
the land; but the defendants had built the houses and had
been in possession of the same for eleven years, and at the
time of the alleged trespass were in possession of a tobacco
patch on said land.

The prosecutor testified that the defendant John Reynolds,
had proposed to buy the land from him both before and
after the survey, but Reynolds testified that he proposed to
buy the land from the prosecutor if he had the better title.
Some time before the commencement of the prosecution,
there was a survey of the land and the houses were embraced
within the boundaries of the deed from Roper to Baldwin.
The defendant John Reynolds was at the survey, and soon
thereafter tore down and moved the houses across the line,
upon the land of Usry. He stated in his examination that
he tore down and carried off the houses because the land
was in dispute. The houses were very near the disputed
line, and were only moved a short distance. Baldwin
received his deed from Roper while Reynolds was in pos-
session of the land and houses, and claims them as his own.

Upon this state of facts his Honor instructed the jury: "That if the defendants moved the house under a *bona fide* claim of right, they were not guilty; if they did not move the house under a *bona fide* claim of right, they were guilty."

The jury found the defendant guilty, and there was judgment, from which the defendant appealed.

The case on appeal did not show that any exception was made to the charge below.

The *Attorney-General*, for the State.
*Mr. Frank McNeill*, for the defendants.

Ashe, J., (after stating the facts). We are of opinion there was error in the charge given by his Honor to the jury. His Honor should have charged them that upon the evidence they should find the defendants not guilty. In the case of *State* v. *Williams*, Busb., 197, which was an indictment under the same statute, it was held that, "to subject a person to the penalties of the act, he must be guilty of trespass." And again, in *State* v. *Watson*, 86 N. C., 626, which was an indictment preferred for a violation of the same statute, this Court, speaking through Ruffin, J., refer to the case of *State* v. *Williams* with approval, and say, "the construction given to the Act by the Court is, that it was not intended to embrace a case of destruction of property by the owner thereof; but that to bring a case within it, the party accused must be shown to have been guilty of an actual trespass upon the property of another." Trespass to realty consists in a wrongful and unwarrantable entry upon the land of another, which the law entitles a trespass by "breaking his close," (Brown on Real Property, 777), and possession is necessary to the maintenance of the action. Ibid., 778. It cannot be maintained without possession. *Tredwell* v. *Reddick*, 1 Ired., 56.

The possession must be either actual or constructive. Possession alone when it is actual, is sufficient to maintain the action against a wrong-doer; *Myrick* v. *Bishop*, 1 Hawks, 485. So, also, an action may be maintained for an injury to a constructive possession, which is a possession that is in legal contemplation attached to the title, and when a party sues for a trespass upon his land, of which he has only a constructive possession, he must show title. *McCormick* v. *Monroe*, 1 Jones, 13. But this possession has no existence when there is another in adverse possession. *Dobbs* v. *Gullidge*, 4 D. & B., 68.

In the case before us, the prosecutor had neither the actual nor constructive possession of the houses demolished and carried off, for he admits he never had actual possession, and according to the facts adduced in evidence he had no constructive possession, for he failed to show, even if it were admissible in a criminal action, any title to the land within himself or Roper, under whom he claimed.

The judgment of the Superior Court must be reversed, and a *venire de novo* awarded.

Error.                                                   Reversed.