STATE v. J. M. McCRACKEN, et al.

*Indictment under Section* 1062 *of The Code—Removing Fences.*

1. To constitute the offence prohibited by Section 1062 of *The Code*, the offender must be a trespasser, and to be a trespasser he must act willfully and unlawfully.

2. Where in the trial of an indictment under Section 1062 for removing a dividing fence, the defendant offered to prove that he and the prosecutor had agreed upon the removal and had had a surveyor to locate the line, and that he moved the fence to such location in good faith, believing that he was carrying out the agreement ; *Held*, that the testimony should not have been excluded, for, if his statement were true, defendant could not be lawfully convicted.

INDICTMENT, under Section 1062 of *The Code*, tried before *Ewart, J.*, and a jury, at January Term, 1896, of HAY-WOOD Criminal Court. The facts are stated in the opinion of Associate Justice FURCHES. The defendant was convicted and appealed.

*The Attorney General* and *Mr. R. D. Gilmer*, for the State.
*Mr. W. T. Crawford*, for defendants (appellants).

FURCHES, J.: This is an indictment, under Section 1062 of *The Code*, for removing a fence. The evidence tends to show that the prosecutor Walker and the defendant McCracken were adjacent land-owners; that there was about to be a road located through their lands which would run near their dividing line ; that they agreed to have this line surveyed, and to put the road on the line, and to move their dividing fence to the road ; that they procured the county surveyor, one Ledbetter, to survey and

locate this line—having agreed upon the corner where the survey should commence. The survey was made and the road located, the prosecutor and the defendant both being present with their deeds, and assisting in making the survey and locating the road. There is no complaint that the survey is not correct, but it took from one to two rods of prosecutor's field, which seems to have been in clover at the time.

Defendant admits that he moved the fence and put it up again on the line as surveyed and where the road was located. And it was admitted that the fence was made as good where it was moved to as it was before it was moved.

Defendant denies that he is guilty of any criminal offence in moving said fence, for the reason it was agreed between him and the prosecutor that the fence should be moved and put on the line—which was a license to him to do what he did. And for the purpose of establishing this defense, and as tending to prove the agreement and license, he offered himself as a witness, and testified that " he and the prosecutor had agreed at the beginning corner to put the fence on the line, and he thought he was acting in accordance with the agreement in putting the fence back and moving the road on the line ; that the prosecutor had never notified him that he was unwilling to change the road according to the agreement, and there had never been any dispute about the line between them." This evidence was objected to by counsel representing the State and ruled out by the court, and defendant excepted.

The defendant then introduced T. C. Ledbetter, the surveyor, who testified that they (prosecutor and defendant) " mutually agreed at the beginning corner to put the fence on the line." This evidence was objected to by counsel representing the State, and ruled out by the court, and defendant excepted.

In both these rulings there was error. To constitute this a criminal offence, there must have been a trespass committed by defendants. *State* v. *Reynolds*, 95 N. C., 618. To constitute defendant a trespasser, he must have acted willfully and unlawfully in removing this fence. *State* v. *Howell*, 107 N. C., 835. He could not have acted willfully and unlawfully if he had the permission of prosecutor to move the fence,and did it in a peaceable manner, and made it as good as it was before he moved it.

The question was, Did he have this? Did the prosecutor agree that the fence should be moved to the road, and did defendant in good faith believe that, under this agreement, he was authorized to move the fence? And certainly this evidence tended to show that he did. How the jury might have found if this evidence had been allowed, we do not know, but, as it tended to prove the agreement, he was entitled to have it submitted to the jury. There is error.                                      Error.