STATE v. JONES.

(Filed October 22, 1901.)

INJURY TO PROPERTY—*Houses—Trespass—Mortgages—The Code,* Sec. 1062.

> A mortgagor in possession after sale under the mortgage, not being a trespasser, is not indictable under The Code, Sec. 1062, for tearing down the building.

INDICTMENT against Primus Jones, heard by Judge *H. R. Starbuck* and a jury, at April Term, 1901, of the Superior Court of WAYNE County. From a verdict of guilty and judgment thereon, the defendant appealed.

*Brown Shepherd,* with *Robert D. Gilmer, Attorney-General,* for the State.

No counsel for the defendant.

FURCHES, C. J. This is an indictment under The Code, sec. 1062, for pulling down a house. The defendant, it seems, was the owner of the house and mortgaged it to Mrs. Exum, with power of sale. The debt not being paid, Mrs.

Exum sold, and the prosecutor Best bought and took a deed therefor from the mortgagee. This sale took place a few days before the alleged offense was committed. The defendant was living in the house at the time he pulled it down, and had been for several years, as the mortgagor of Mrs. Exum. Best, the purchaser, was present when the defendant pulled down the house, offered to show the defendant his deed from the mortgagee, and forbade the defendant pulling down the house. The defendant, who was present at the mortgage sale, said he did not want to see the deed, and proceeded to pull down the house. Neither had the prosecutor Best nor Mrs. Exum ever been in the actual possession of the house.

Upon this evidence, which was uncontradicted, the defendant requested the Court to charge the jury that the defendant was not guilty. The Court refused to charge as requested, and defendant excepted, and, upon a verdict of guilty and judgment, appealed.

If this statute had not been already construed by the Court in so many cases, we would be very much disposed to affirm the judgment below, as it seems to us that it was the intention of the statute to prevent the *wilful* pulling down a house not belonging to the party doing so, to the damage of the owner; and the *wilful* act of pulling down such a house constituted the criminal offense. But this Court has put a different construction upon the statute; and being instructed by these decisions, it would seem that we should say the defendant was entitled to the charge asked for, "that upon the evidence he was not guilty."

It is held, to constitute a criminal offense under section 1062 of The Code, there must be a *trespass*. *State v. Williams,* 44 N. C., 197; *State v. Watson,* 86 N. C., 626; *State v. McCracken,* 118 N. C., 1240. And a party in *actual* possession can not commit a trespass upon the property he is in possession of. *State v. Howell,* 107 N. C., 835; *State*

*v. Reynolds,* 95 N. C., 616 ; *Dobbs v. Gullidge,* 20 N. C., 68. Therefore, according to the logic of these decisions, as the defendant is shown to have been in the actual lawful possession of the house at the time he tore it down, he committed no criminal offense under this statute.    We say the lawful possession to distinguish his possession from that of a mere trespasser, which would not protect him from the penalty of the statute.    The prosecutor doubtless was entitled to the possession of the house : but his being entitled to have the possession, did not give him the possession.    If the house had been vacant, the prosecutor's title would have given him constructive possession of the house.    But there is no such thing as a constructive possession as against the *actual adverse* possession of another person.    *State v. Reynolds* and *Dobbs v. Gullidge supra.*

We have said, the defendant being in the *lawful* possession, that is, his possession commenced rightfully and not tortiously.    And while the prosecutor may have been entitled to the possession, the defendant having gone into possession rightfully, his possession was not *unlawful* within the criminal meaning of the term.

Error.