## G. B. GORDNER v. BLADES LUMBER COMPANY.

(Filed 12 March, 1907).

1. **Action—Trespass Quare Clausum Fregit—Remedy—Possession.—** Action of trespass *quare clausum fregit* is the appropriate remedy for wrongful invasion of another's possession of realty. It lies for wrongful injury to the possession, and in order to recover it is necessary for plaintiff to show that he had actual or constructive possession at the time of the alleged injury.

2. **Proof—Actual Possession—Time.—**Plaintiff's evidence of the possession of the land, without fixing the time, is insufficient. He must show his possession to have been at the time of the alleged trespass in order to prove actual possession, and to sustain his action thereon.

3. **Proof—Constructive Possession—Title—Entry—Time.—**When actual possession is not sufficiently shown and constructive possession relied on, the plaintiff must show title in himself and present right of unobstructed entry at the time of the alleged wrong.

4. **Constructive Possession—State—Subsequent Grant.—**Evidence by plaintiff of a grant to himself from the State made after the time of the alleged trespass is insufficient to show constructive possession necessary to maintain the action of trespass *quare clausum fregit.*

5. **Same — Adverse — Title — State—"Color."—**When plaintiff relies upon constructive possession by reason of title, and no grant from the State or thirty years' adverse possession is shown, it is incumbent on plaintiff to establish title by adverse occupation and claim of ownership under color for twenty-one continuous years prior to the alleged trespass, and such occupation for nineteen or any less number of years than twenty-one is not sufficient.

6. **Pleading—Answer Sufficient.—**An answer alleging that the defendant "is advised, informed and believes that the first article of the complaint is not true, and therefore denies the same," is sufficient to raise the issue.

CIVIL ACTION in nature of trespass *quare clausum fregit,* tried before *Shaw, J.,* and a jury, at November Term, 1906, Superior Court of CRAVEN County.

At the close of plaintiff's testimony, on motion of defendant, the action was dismissed as on judgment of nonsuit, and plaintiff excepted and appealed.

*Loftin & Varser* for plaintiff.
*W. W. Clark* and *Moore & Dunn* for defendant.

HOKE, J.   The action of trespass *quare clausum fregit* is the appropriate remedy for the wrongful invasion of another's possession of realty.   It lies for injury to the possession, and, in order to sustain the action, it is required that the plaintiff should establish by proper proof that he was in the actual or constructive possession of the property at the time the wrong was done.  *State v. Reynolds,* 95 N. C., 616; *Patterson v. Bodenhamer et al.,* 33 N. C., 4; *Smith v. Wilson,* 18 N. C., 40.

If there is no evidence of actual possession, and the plaintiff seeks to recover by reason of constructive possession, it becomes necessary for him to show title and that such title existed in him at the time of the alleged trespass.  *McCormick v. Monroe,* 46 N. C., 13; *Drake v. Howell,* 133 N. C., 162.

An application of these principles to the facts of the present case fully sustains the ruling of the trial Judge in dismissing the action.

There is no sufficient evidence of actual possession in plaintiff at the time of the wrong done to justify a recovery by him.   He testified to an arrangement made by him with one White sometime in the year 1899 by which White was to hold the land for him.   White, it seems, denied this tenancy and some court has sustained the claim of White in this denial.

But, accepting the plaintiff's version as true, this leaves it entirely uncertain and indefinite as to what time in 1899

the agreement was made with White, and when White assumed the possession under and by virtue of this alleged agreement.

We can discover no evidence in the record of any cutting on the land after March, 1899; and the burden being on the plaintiff to establish the wrong, his evidence fails to show that the trespass was committed while he was in actual possession of the property, and no recovery, therefore, can be had by him on that ground. *Edmonston v. Shelton,* 49 N. C., 451.

True, plaintiff testifies that a few days after taking his deed from the administrator, he went upon the land and found some persons cutting timber, and they had then cut, or there had been cut to that time, about 200,000 feet, but if this is all the occupation he had of the property, and he was then without any title, this would be no such possession as the law protects. In the absence of title the wood-choppers were as much in possession as plaintiff. *Morris v. Hayes,* 47 N. C., 93.

The plaintiff, then, must recover, if at all, by reason of contructive possession, which, as heretofore stated, makes it necessary for him to show that he had the title at the time of the alleged trespass. In the endeavor to do this the plaintiff offered a grant of the State for the land to himself, bearing date in 1902, many years after the alleged trespass, and so this does not at all meet the requirement. *Drake v. Howell, supra.*

Plaintiff also offered a deed for the land from Anne Randall to William Mitchell, bearing date 1804, and a line of *mesne* conveyances, apparently regular, conveying this interest to himself; his own deed, under this claim, bearing date in March, 1899, and, presumably, a few days before the cutting had ceased.

No title from the State, by grant, or thirty years' adverse possession, having been shown to this time, on the facts presented, in order for plaintiff to establish a good title by reason of these deeds he would have to show that he or his predecessors, or he and they together, had occupied the land under, or while holding them, for some continuous period of twenty-one years prior to the trespass.

The evidence, as now contained in the record, fails to show continuous occupation for a longer period than eighteen, or at most, for nineteen years. No title, therefore, has been shown under either claim at the time of the alleged wrong; and the plaintiff, having failed to show either active or constructive possession at such time, upon the entire evidence, his action was properly dismissed as on judgment of nonsuit.

The Court is also of opinion that the answer of defendant to plaintiff's allegation of ownership and trespass—a similar and specific denial having been made as to each—"that it is advised, informed, and believes that the first article of plaintiff's complaint is not true, and therefore denies the same," is sufficient in form to raise the issue, and the exception of plaintiff addressed to that question was, therefore, properly overruled. *Kitchen v. Wilson,* 80 N. C., 191.

On the record and evidence, as now presented, there is no error, and the judgment below is

Affirmed.