Taylor, Chief-Justice.
 

 This case comes up, upon an exception to the Judge’s charge, which it. is, therefore, necessary to examine. It contains two positions; the first is, that the Defendant could only entitle himself to a verdict upon his plea of justification, by giving such evidence as would be sufficient to convict the Plaintiff if he were on trial for the offence. The second is, that if the slanderous words had been spoken by the Defendant, and the evidence did not satisfy the Jury of their truth, the Plaintiff was entitled to some damages.
 

 This last position, as stating the true ground upon which that part of the case ought to have been left to the Jury, is entirely unexceptionable, and could not furnish a reason for a new trial, if it could be disconnected from the first one. But it plainly imports, that the Jury must be satisfied of the truth of the words spoken, not by such evidence as is sufficient to create conviction, in ordinary cases of civil controversy, but by such evidence as will be sufficient to convict the Plaintiff of perjury, if he was on trial; we are, therefore, called upon to examine the cor-rectncss of this position. It may be laid down as agen-
 
 *65
 
 eral rule, that the doctrine of evidence, in criminal pro-seditions, is the same as that in civil actions, the object , , . of both being to arrive at truth. But several exceptions have been introduced by statute; some by the necessity of the case, where the party injured is admitted to give testimony against an offender, from whose conviction he is to derive some advantage to himself; and one founded upon the constitution of human nature, that in proportion to the magnitude of the offence, Juries are more or less disposed to be governed by evidence that is doubtful.
 

 Hence, when life is in question, or where the party has much at stake, evidence is more cautiously received than in contests about property, and Juries are instructed not to weigh the evidence, but, in cases of doubt, to acquit, the prisoner. Sir
 
 Ed.
 
 Coke, exhorts Juries not to give their verdict against a prisoner, without plain, direct, and manifest proof of his guilt; which implies, that where there is doubt, the consequence shall be the acquittal of the party upon his tria!. In civil cases, on the contrary, Juries weigli the evidence and decide accordingly, as either scale preponderates.
 

 It cannot, therefore, be a correct rule, that a Jury should require the same strength of evidence to find a fact,rcontroverted in a civil case, which they would require to find a man guilty of a crime. But the crime of perjury stands upon peculiar grounds, and requires more evidence to produce a conviction, than crimes in general. One witness is not sufficient, because then there would only be one oath against another. A man knowing another to have committed perjury, may forbear to prosecute him, for the very reason that there is but one witness by whom the crime can be proved. Shall he, therefore, be deprived of his justification, if sued in an action of slander, although he might be furnished with convincing evidence of the truth of the words? Both reason and authority answer in the negative. In
 
 *66
 
 the case of the
 
 Queen
 
 v. Murat, (10
 
 Mod.
 
 195,) the prin-ciplos I have stated, are perspicuously enforced by the ... , , r Chiet-Justice m his charge to the Jury. His words are, «there is this difference between a prosecution for perjury, and a bare contest about property, that in the latter case the matter stands indifferent, and, therefore, a credible and probable evidence, shall turn the scale in favour of either party
 
 \
 
 but in the former, presumption is ever to be made in favour of innocence, and the oath of the party will have a regard paid to it until disproved. But it must be a clear and strong evidence, and more numerous than tiie evidence given for the Defendant, else there is only oath against oath.” In this opinion is contained the very principle upon which the case before us depends, and it shows, beyond doubt, that there ought to be a new trial.
 

 Judges Hade and Henderson, concurred.