Pearson, J.
 

 The defendant’s counsel moved the Court to charge that “before the jury could find for the plaintiff, they must be satisfied, beyond a rational doubt, that the words were spoken within six mouths before the bringing of the action.” His Honor refused so to charge, but told the jury chat before they could find for the plaintiff, they must be
 
 satisfied
 
 that the words were spoken within six months before the bringing of the action. For this the defendant excepts. There is no error.
 

 The party affirming a fact must prove it to tue satisfaction of the jury, because the
 
 onus
 
 j:robandi” is upon him. If he does prove it to the satisfaction of the jury, it is settled, that, in civil
 
 *448
 
 actions, he is entitled to a verdict in his favor, upon the issue. We are not called on here to say, how far a different rule has been adopted in capital cases. Where the evidence is circum-st ntial, it is admitted to be proper “
 
 in favorem vitae,”
 
 for the Court to instruct the jury, that if there be any hypothesis consistent with the prisoner’s innocence, they should find him “not guilty;” that is, if the circumstances proven may all be true, and still the prisoner be not guilty, they should acquit.
 

 How far “
 
 in favorem vitae
 
 ” this mater is to be extended, so as to require the Court in a capital case, when the evidence of guilt is direct, to charge the jury that they must bo satisfied, beyond a rational doubt: that is, that they should not have a rational doubt of the truth of the evidence, or credibility of the • witnesses, we are not now to say. Suffice it, in civil cases, if ■ the jury are
 
 satisfied,
 
 from the evidence, that-an allegation is true in fact, it is their duty so to find, and they, should bo so instructed.
 

 Judgment affirmed.