STATE v. M. L. BARRINGER.

*Affray—Use of Deadly Weapon—Justification—Burden of Proof.*

Where, on trial for an affray, the defendant admitted that he used a deadly weapon, the question of reasonable doubt as to his guilt was eliminated and the burden of showing matter of mitigation, excuse or justification to the satisfaction of the jury was thrown upon the prisoner.

INDICTMENT for an affray, tried before *Whitaker, J.*, and a jury, at Fall Term, 1893, of ROWAN Superior Court.

The defendant Barringer and another were convicted, and from the judgment on the verdict the defendant Barringer appealed.

*The Attorney General*, for the State.
No counsel *contra*.

BURWELL, J.: The appellant, with two others, was indicted for an affray. He offered himself as a witness in

STATE v. BARRINGER.

his own behalf and "admitted that he struck with and used the deadly weapon as charged in the bill." His Honor instructed the jury that "the defendant having admitted on the stand that he struck with the deadly weapon as charged, the question of reasonable doubt was eliminated as to Barringer and the burden of proof shifted to the defendant, and that it was his duty to satisfy the jury that he struck in self-defence, and failing to satisfy the jury that he used the weapon in self-defence they would convict." To this the defendant excepted.

In the case of *State* v. *Willis*, 63 N. C., 26, it is said that upon a trial for murder the fact of killing with deadly weapon being admitted or proved, the burden of showing any matter of mitigation, excuse or justification, is thrown upon the prisoner, and in such case it is incumbent on him to establish such matter to the satisfaction of the jury. Such being the well-established rule in this State when the assault with the deadly weapon resulted in the death of the assailed, we can see no reason for refusing to apply it in cases where the assault did not cause death. The same reason that will support the rule in the one case will support it in the other. The indictment against the prisoner was fully sustained by proof, by means of his own admission that he had fought as charged with a deadly weapon. He must then excuse himself. How? By proof of facts that will justify his conduct, which, until excuse is proved, appears to be clearly unlawful. He must prove these facts not merely by preponderance of the evidence, but to the satisfaction of the jury. Such is the rule here (*State* v. *Payne*, 86 N. C., 609; *State* v. *Ellick*, 2 Wins., 56; *State* v. *Potts*, 100 N. C., 457), and for that purpose he may avail himself of the State's evidence as well as that introduced by himself. The judgment must be        Affirmed.