H. CLINE v. M. J. BAKER, et al.

*Action . for Damages — Mill Dam — Obstructions of Stream—Instructions—Evidence.*

1. Damages may be recovered for injury to land resulting proximately from the maintenance by defendant of a dam, though such injury was aggravated by other causes not within defendant's control.

2. Where, in the trial of an action for damages caused by a mill-dam, the sole issue was whether defendant's dam injured plaintiff's land, through which a creek passed before emptying into the pond above the dam, it was not error to instruct the jury that, if the injury resulted from the filling up of the creek with sand between plaintiff's land and the pond, by the washing of the hill-sides, the falling of leaves and branches and the failure to clean out the channel, plaintiff could not recover, provided those obstructions did not result from the maintenance of the dam.

3. On the trial of an issue as to whether certain land was injured by the maintenance of a certain dam, or by accumulations of sand in a creek passing through the land, evidence as to the tendency of streams generally in the county within the last few years, in reference to filling up with sand, was properly excluded as being too broad and general, and leading to an endless inquiry, calculated to confuse and mislead the minds of the jury.

CIVIL ACTION, for damages to plaintiff's land by defendnat's dam and mill-pond, tried before *Timberlake, J.,* and a jury, at Fall Term, 1895, of CLEVELAND Superior Court. There was a verdict for the plaintiff, and from the judgment thereon the defendant appealed, assigning as error the instructions of his Honor and the exclusion of evidence as referred to in the opinion of the Chief Justice.

*Messrs. Jones & Tillett,* for defendants (appellants).
No counsel, *contra.*

FAIRCLOTH, C. J. : The following issue was submitted : " Does the defendant's mill-dam damage the land of the plaintiff, as alleged in complaint ? " Ans., " Yes." A creek passing through plaintiff's land empties into defendant's mill-pond, a mile or more above the dam, and plaintiff alleges that the sand washing into the creek is prevented from flowing out by the mill-pond water, and that shoals of sand are produced in the creek, which throws back the creek water on his lands to his damage. The defendant avers that the non-flow of the sand is caused by rafts and obstructions in the creek and the want of proper ditching.

Numerous witnesses were examined as to the dam, the pond and the condition of the creek, now and at former periods.

His Honor instructed the jury as follows :

" The question and the sole question for your determination is, is the plaintiff's land injured by defendant's dam ? if it is, then he is entitled to recover. If the damage results from any other cause whatsoever, and not from the dam, he is not entitled to recover. So that, if the jury believe that the injury to the plaintiff's land was caused by the filling up of the creek with sand between his line and the mill-pond, and that this accumulation of sand in the creek was caused by the washings of the hill-sides, the lodging of trees and brush and the failure of the land owners properly to clean out the channel of the creek, and not by the dam or pond, you should answer the first issue ' No,' provided you further find that these obstructions, in the way of accumulations of sand and other things, do not result from the maintenance of the dam or pond. If the jury believe the damage to the land of plaintiff complained of was caused by obstructions in the creek above the head of the mill-pond on the land of defendant Baker or other

land owners on the creek or on the land of all of them, and not by the dam, then they should find the first issue ' No,' provided these obstructions do not result from the dam or pond, and would not go along out if the dam was removed. But, if they would not go along out if dam was removed from mill, still answer first issue ' No.' "

The instruction fully covered the contention of the parties in plain language, and was in no way prejudicial to the defendant, and answered the merits of the defendant's prayers for instructions. Certainly, if the damage resulted from causes over which the defendant had no control, he could not be held responsible. If, however, the dam and pond were the direct cause of the damage, although aggravated by other causes over which the defendant had no control, he would still be liable. *State* v. *Holman*, 104 N. C., 861.

The only material exception of the defendant as to the evidence was the exclusion of this question : " What has been the tendency of the streams in Cleveland county in reference to the filling up with sand in the last few years ? We think that this question was too broad and general, and was calculated to mislead or prejudice the minds of the jury. The questions presented by the issue pointed to the facts and actual condition of *this* creek and pond. It was therefore irrelevant, and it would have been error to submit it to the jury for that reason. The question under cross-examination and redirect, concerning the different streams in the county, in different localities and in different soils, and other natural conditions, would have led to an endless inquiry and almost necessarily confused the minds of the jury. The question was properly excluded.

No Error.