J. H. EVERETT v. SAMUAL SPENCER et al, Receivers of WESTERN NORTH CAROLINA RAILROAD COMPANY.

(Decided May 24, 1898).

*Petition to Rehear—Trial—Instructions—Jury, Duty of.*

In the trial of an action it is the duty of the jury to take the whole of the charge of the Court, and construe it together, to ascertain the meaning of the judge in giving the charge.

PETITION to rehear the case between same parties decided at September, 1897, Term of this Court, and reported in 121 N. C. R., at page 519.

*Messrs. A. B. Andrews, Jr., G. F. Bason* and *F. H. Busbee,* for petitioner.

*Messrs. T. H. Cobb* and *G. S. Ferguson, contra.*

DOUGLAS, J.: This is the same case reported in 121 N. C., 519, and now before us on a petition to rehear. The certificate of disinterested counsel, upon which the case was ordered to be docketed, set out as the only ground of error "that the court decided in effect that it was the duty of the jury to take the whole of the charge of the court and construe it together to ascertain the meaning of the Judge in giving said charge."

Can this be error? The charge and every part thereof, is given to the jury for their instruction and guidance, and they *must* consider it as a whole. They have no right to select such parts as suit themselves and reject the remainder, nor can counsel be permitted to do so upon an appeal to this court. Such a course would be grossly unfair to the trial judge and would make the ultimate determination of causes depend more upon the skillful fencing of legal swordsmen than upon the merits. It is entirely proper for the court to explain or even correct any preceding portion of its charge, if in its opinion it is necessary to present the case fairly and fully. This is so well settled as scarcely to require the citation of authority. *Cowles* v. *Hall*, 90 N. C., 330, 333; *Lewis* v. *Railroad*, 95 N. C., 179, 188; *State* v. *Keen*, Ibid 646, 648.

What would be the use of a judge explaining or correcting his charge if the jury were not required to construe the explanation together with the previous charge. It was held in *Wash. & G. R. Co.* v. *Gladmon*, 82 U. S., 401, that where the general scope and tendency of the charge is correct, and the jury could not have failed to understand it correctly, although detached *sentences* may be open to criticism, the judgment will not be reversed for that reason.

The citations of the defendant as to *inconsistent* and *repugnant* instructions by the court have no application to this case, as none such appear in the charge of his Honor. What this court said in its former opinion was that, after his Honor had charged in effect that the plantiff could recover if his damage resulted from the negligence of the defendant, it was proper for the court to explain what would constitute negligence under the peculiar circumstances of the case; and that in determining

that matter the jury should take into consideration the entire charge of the court. The elaborate brief of the learned counsel was somewhat circular in its reasoning, as it strenuously contended that the jury might have been misled by the use of the simple word "negligence," and then cited a vast array of authorities to show that in actions *ex delicto* there are no degrees of negligence. The effect of such reasoning would be to eliminate every degree of negligence and to free the defendant from all liability for its own negligence, no matter how gross or reckless. We cannot give our assent to any such contention, as it is opposed to the essential principles of justice as well as the better weight of authority. 4 Elliott on Railroads, Section 1264, page 1987 and cases cited. The petition is

Dismissed.