CHAFFIN v. MANUFACTURING CO.

(Filed April 19, 1904).

1. INSTRUCTIONS—*Trial.*

The trial judge need not give instructions in the very language employed in framing them if they are substantially given in the charge.

2. INSTRUCTIONS—*Trial—Issues—Exceptions and Objections.*

The language of an instruction exactly corresponding with the words of an issue submitted, to which no exception was taken, is not open to the criticism that it is misleading.

3. INSTRUCTIONS—*Trial—Exceptions and Objections.*

Where an instruction is erroneous, and is duly excepted to, the party excepting may avail himself of the error, though he asked no special instruction on the subject.

4. DAMAGES—*Instructions—Waters and Water-courses.*

In an action for damages caused by a dam across a stream, an instruction that the party alleging damages must prove the same to the satisfaction of the jury, where the trial judge charged that the burden was on him and defined a preponderance of evidence, is not objectionable.

5. DAMAGES—*Nominal—Waters and Water-courses.*

An instruction that to entitle a plaintiff to nominal damages he must show damages capable of being estimated, perceptible, as an appreciable quantity, is erroneous.

6. EVIDENCE—*Damages—Waters and Water-courses.*

In an action for damages caused by a dam across a stream, it is not competent to show the effect of the increased benefit of the water on the lands of adjoining owners.

7. EVIDENCE—*Damages—Waters and Water-courses.*

> In an action for damages by a dam across a stream, it is compe-
> tent to show the condition of the banks of the stream above
> and below the dam in order to show that this condition
> was not caused by the erection of the dam.

ACTION by Julia Chaffin and others against the Fries
Manufacturing and Power Company, heard by *Judge W. R.
Allen* and a jury, at October Term, 1903, of the Superior
Court of DAVIE County. From a judgment for the defend-
ant the plaintiffs appealed.

*E. L. Gaither, E. J. Justice* and *Lindsay Patterson,* for
the plaintiffs.
*Watson, Buxton & Watson,* for the defendant.

WALKER, J. The plaintiffs are the owners of a farm on
the west bank of the Yadkin river. They bring this action
to recover damages, both permanent and annual, for injury
to the land alleged to have been caused by the erection and
maintenance of a dam by the defendant across the river and
below their tract of land. They allege that the dam raised the
water in front of their land about six feet, and there was
evidence on the part of the defendant that it had been raised
two feet and nine inches, but that the banks of the river at
that place were fourteen feet high.

The plaintiffs claimed that by this rise in the water along
their farm, the fall in a branch running from their land
into the river had been destroyed and the water in the
branch had been ponded back further on their lands and that
by reason of this loss in fall their lands had become incapable
of being ditched and had been rendered unproductive. And
they further claimed that by raising the water six feet their
lands had become more subject to overflow, and that thereby
their bottom lands had been washed and rendered worthless.
The defendant denied all of said allegations.

There was much testimony introduced by both parties, some tending to show that the plaintiffs had been injured and damaged by the erection and maintenance of the dam and some tending to show that they had not, but that the damage to their land was due to other causes than the erection of the dam.

The Court submitted to the jury the following issue, "What damage, if any, has plaintiffs sustained by reason of the erection of the dam?" The jury answered this issue "None." There was a judgment upon this verdict against the plaintiffs and they excepted and appealed.

The plaintiffs' first exception is to the refusal of the Court to give their first prayer for instructions. In this prayer they requested the Court to instruct the jury as to the estoppel against the plaintiffs arising out of the verdict and judgment in this case, because the damages would be assessed by the jury for all time, they being past, present and prospective. If the plaintiffs were entitled to have this instruction given in the form in which it was asked, we are of the opinion that the nature of the suit and of the damages that could be awarded were fully explained to the jury by the Court, and that plaintiffs were not prejudiced by the refusal to give the specific instruction. The same may be said of the second and third prayers for instructions, which related to the kind of damages to which plaintiffs would be entitled should the jury find in their favor. The plaintiffs cannot insist that the Court should have given these instructions in the very language employed in framing them. It is a sufficient response to prayers if the Court, in its own words, chosen perhaps so as not to do any injustice to either side, gives the instructions substantially, provided that the party who asks for them will have the full benefit of the principles of law he seeks to have applied to the facts. This rule is

too familiar to need further comment or the citation of authority to support it.

The plaintiffs also complain that the Court in charging the jury as to the damages referred only to those which were caused by the "erection" of the dam, and that by failing to use the words "and maintenance" the jury were misled as to the kind of damages the plaintiffs were entitled to recover, and the Court thereby excluded from their consideration any damages which may have resulted from the maintenance of the same. It will be observed that if this criticism of the charge were correct in itself, the language of the Court corresponds exactly with that of the issue, and to this issue when submitted by the Court there was no exception. But we do not think the plaintiffs have any ground of complaint because of any such defect in the charge, as, upon even a cursory examination of it, we think it will appear that the Court made it perfectly clear to the jury that plaintiffs were entitled to recover, if anything, the damage caused both by the erection and maintenance of the dam—not only damages caused at or immediately after the time of its erection, but those which have been caused since that time by the dam as an obstruction in the stream.

We approve the charge of the Court as to the proper rule for assessing the damages. *Ridley v. Railroad,* 118 N. C., 1009, 32 L. R. A., 708; *Parker v. Railroad,* 119 N. C., 677. No question is presented in this case as to the right of acquiring a perpetual easement by the payment of permanent damages. The defendant is not a public or *quasi* public corporation and has not therefore the right to condemn private property for its uses, or, in other words, the right of eminent domain.

The plaintiffs' sixth exception was taken to the following instruction of the Court to the jury: "It is not sufficient for the plaintiffs to show that their land has been damaged

and their rental value decreased. They must further prove
to the satisfaction of the jury that this damage was caused
by the erection of the dam"; and the seventh exception was
taken to this instruction: "If you find from the evidence
that the erection of the dam caused water to be ponded on
the lands of the plaintiffs to any appreciable extent the plain-
tiffs would be entitled to recover nominal damages, although
you might not be satisfied that the plaintiffs have suffered
substantial damages." The plaintiffs contend that by the
first of said instructions the Court required a greater degree
or intensity of proof to be adduced by the plaintiffs than
the rules of evidence warranted, and that all that is required
by those rules is that plaintiffs should prove their case by
the greater weight of the testimony and not to the satisfaction
of the jury. The part of the charge selected for the excep-
tion is not all of the charge as to the degree of proof required.
The Court had already charged the jury as follows: "The
burden is upon the plaintiffs," etc., "to satisfy you that the
erection of the dam was the cause of the damage to them
and of the extent of the injury. What is a preponderance?
It is not to be determined by the number of witnesses. In
determining whether there is a preponderance you will con-
sider the demeanor of witnesses, etc." It will not do in
passing upon the correctness of a charge to consider it in
detached portions, but we must look at the context and
examine what follows in connection with that which precedes.
In other words, the charge must be considered as a whole.
*Elliott v. Jefferson,* 133 N. C., 211; *Everett v. Spencer,*
122 N. C., 1010. The same rule applies when deciding
upon the admissibility of testimony. *State v. Ledford,* 133
N. C., 714. When the part of the charge of the Court
excepted to is considered and tested by this reasonable rule
of the law, we think it sufficiently and indeed clearly appears
that the jury were instructed, at least substantially, that the

plaintiffs were required to make out their case by a preponderance of the evidence, and that the Court explained to them with sufficient fulness and accuracy what is meant by the preponderance of the testimony and how the jury should apply the rule to the facts and circumstances of the case in order to determine whether plaintiff had met the requirement. The use of the word "satisfied" did not intensify the proof required to entitle the plaintiffs to their verdict. The *weight* of the evidence must be with the party who has the burden of proof or else he cannot succeed. But surely the jury must be satisfied or, in other words, be able to reach a decision or conclusion from the evidence and in favor of the plaintiff which will be satisfactory to themselves. In order to produce this result or to carry such conviction to the minds of the jury as is satisfactory to them, the plaintiffs' proof need not be more than a bare preponderance, but it must not be less. The charge, as we construe it, required only that plaintiffs should prove their case by the greater weight of the evidence.

In *Neal v. Fesperman*, 46 N. C., 446, the Court (by *Pearson, J.*), in stating the true rule in civil cases, said that "the party affirming a fact must prove it to the satisfaction of the jury, because the *"onus probandi"* is upon him. If he does prove it to the satisfaction of the jury it is settled that, in civil actions, he is entitled to a verdict in his favor upon the issue." After referring to the rule in capital cases, the Court proceeds: "Suffice it, in civil cases, if the jury are *satisfied,* from the evidence, that an allegation is true in fact, it is their duty so to find, and they should be so instructed." To the same effect is *Barfield v. Britt,* 47 N. C., 45, 62 Am. Dec., 190, where the Court says, "That the party upon whom lay the *onus probandi* must produce such a preponderance of testimony as must satisfy the jury of the truth of his allegation." The rule, it is further stated, applies to all civil cases. It is said in *Kincade v. Bradshaw,*

10 N. C., 65, that "in civil cases juries weigh the evidence and *decide* accordingly as either scale preponderates." This means of course that they weigh the evidence and decide, that is satisfy themselves, as to where the preponderance is. An unsatisfactory decision could hardly be called a decision at all, and a jury, acting intelligently and honestly, certainly would not adopt a conclusion from the evidence with which they were not satisfied. Woods Pr. Ev., section 197.

In criminal cases when the defendant relies on mitigating circumstances or sets up an affirmative defense, such as legal provocation, insanity, or self-defense, it is incumbent on him to prove the matter in mitigation or excuse, not beyond a reasonable doubt nor by a preponderance of evidence, but simply to the satisfaction of the jury. *State v. Willis*, 63 N. C., 26; *State v. Garland*, 90 N. C., 668; *State v. Barringer*, 114 N. C., 840; *State v. Barrett*, 132 N. C., 1005. Counsel for the plaintiffs argued that these cases are authority for the position that if the jury must be satisfied it required a greater degree of proof than if the plaintiff is allowed to make out his case by a mere preponderance of the evidence. We do not think this is a correct interpretation of the cases. The rule in criminal cases as above stated is supported by a long line of decisions and is too well settled to admit of any change, but they do not sustain the contention of counsel. In criminal cases the jury decide upon the matters in mitigation or excuse without reference to any rule of law in regard to a reasonable doubt or the preponderance of the evidence. They are the sole judges upon the evidence of what is sufficient to satisfy them. In civil cases they must also be satisfied, but the party having the affirmative of the issue cannot entitle himself to their verdict unless the evidence preponderates in his favor.

The next instruction, which is the subject of the plaintiffs' seventh exception, it seems to us is not as free from objection.

The Court charged the jury that the plaintiffs would be entitled to recover nominal damages if the water had been ponded on their lands "to any appreciable extent." Appreciable is defined as "Capable of being estimated or large enough to be estimated; perceptible, as an appreciable quantity." We do not think that in order to recover nominal damages it is necessary to show an injury that is capable of being estimated, or one that is perceptible in the sense that it is attended with some actual damage. Nominal damages are a small and trivial sum awarded for a technical injury due to a violation of some legal right, and as a consequence of which some damages must be awarded to determine the right. 1 Joyce on Damages, section 8; 1 Southerland on Damages, section 9. These damages are not given as an equivalent for the wrong but in recognition of the technical injury. It is not necessary that there should be any actual damage, however small. They are called nominal damages in contradistinction to actual, substantial or compensatory damages. They are damages in name only, not in fact. See also, Black's Law Dict., page 316, "Damages." They have been described as a "peg on which to hang costs," but they are still recognized as the subject of a substantial legal claim, and a party is entitled to them if he can show *any* injury to his right. If he establishes a cause of action, that is, an injury in its technical sense, and fails to show any *damnum* or damage, he can recover nominal damages. *Osborn v. Leach,* 133 N. C., 427.

We find the law stated in Cooley on Torts (2 Ed.), page 74, as follows: "In the case of a distinct legal wrong, which in itself constitutes an invasion of the right of another, the law will presume that some damage follows as a natural, necessary and proximate result. Here the wrong itself fixes the right of action; we need not go further to show a right

of recovery, though the extent of recovery may depend upon the evidence."

In the case of *Litle v. Stanback*, 63 N. C., 285, the rule as to nominal damages in cases of this kind seems to have been settled by this Court. It is there said: "The defendant asked his Honor to charge the jury that if there was water backed by the defendant's dam on the plaintiff's wheel and it produced no injury to the plaintiff the plaintiff was entitled to no damages, and their verdict should be for the defendant. His Honor declined to give the instruction, but charged the jury that 'if they were satisfied that the water was ponded back by the defendant's dam on the plaintiff's wheel, but produced no *substantial* injury, the plaintiff would be entitled to *nominal damages*. Giving to the exception and to his Honor's charge a plain and just interpretation, we think that the point intended to be presented was 'Is the mere fact of ponding back the water upon the plaintiff's premises sufficient to entitle him to nominal damages?' His Honor thought it was and we are of the same opinion. It is like a trespass on land, when the allegation is that the defendant broke the plaintiff's close and trod down his grass. It is clear that the mere entry upon the land, although there be not so much perceptible injury as the treading down a single sprig of grass, is a trespass, and entitles the plaintiff to nominal damages."

It will be observed that the Court, in describing the injury that will entitle the plaintiff to nominal damages, uses negatively the word "perceptible," which, as we have seen, is one of the synonyms of the word "appreciable." The case seems to be directly in point. If there is an infraction of the plaintiffs' legal right to the undisturbed possession of his property the law absolutely gives at least nominal damages. A case which also seems to be directly in point is *Wood v. Ward, 3*

Exc. (Wels. Hurls & E., 746). The doctrine as applicable to cases of this sort is discussed and the authorities collected in Joyce on Damages, section 2140. 1 Southerland on Damages, sections 9 and 10; *Ripka v. Sergeant,* 7 S. & R., 9, 42 Am. Dec., 214. The defendant contends that plaintiffs cannot avail themselves of this error of the Court, as they asked no special instruction as to nominal damages. This was not necessary. The fault was in the charge and was duly excepted to. It was an affirmative error.

The evidence as to the effect of the increased height of the water on the lands of N. A. Peebles we do not think was competent in order to show a corresponding effect upon the plaintiffs' lands. Comparisons such as this one cannot be made, as there was no evidence to show similarity of conditions. The proposed evidence would introduce irrelevant matters and divert the minds of the jury from the true issue. *Bruner v. Threadgill,* 88 N. C., 361; *Warren v. Makely,* 85 N. C., 12. The competency of the testimony of the witness Reynolds depends upon a different principle. The evidence offered as to similar conditions of the banks of the stream above and below the dam with a view of showing that they had been washed out by freshet, and that their condition was not caused by the erection of the dam, was proper to be considered by the jury as a circumstance tending to sustain the defendant's contention. Its weight is for the jury to pass upon.

We have considered all of the plaintiff's exceptions as they, or some of them at least, may be presented at the next trial of the case, and for the further reason that they present important questions of practice and procedure of constant recurrence which should be settled.

Because of the error in the charge as to nominal damages there must be a new trial, and as there was but one issue

submitted to the jury, embracing both the cause of action and the damages, the new trial must extend to the whole case.

New Trial.

DOUGLAS, J., concurs in result.