Civil action (1) for trespass, and (2) for negligent construction and operation of river dam.
It is alleged that thirty acres of plaintiff's land situate on Puzzle Creek have been sobbed and soured and the shrubbery thereon destroyed by the construction and negligent operation of the defendant's milldam on Second Broad River, which is several miles below plaintiff's property.
On the hearing, the plaintiff abandoned its allegations of negligence, and elected to stand solely upon its action for trespass.
On the issue of liability, the court instructed the jury as follows:
"The court instructs you that if you should find from the evidence in this case that the defendant in the construction, operation and maintenance of its dam at Caroleen, North Carolina, has not made any unreasonable use of its riparian rights, as the court has defined the law to you and explained what unreasonable use means, or if reasonable, has not taken in whole or in part any of the plaintiff's land as the court has heretofore instructed you, then you would answer the second issue `No.'" Exception.
The jury answered the issue of liability in favor of the defendant. From judgment thereon, the plaintiff appeals, assigning errors.
The trial court seems to have fallen into error in instructing the jury to answer the issue of liability "No" if they should find *Page 295 
that the defendant "has not made any unreasonable use of its riparian rights, . . . or, if reasonable, has not taken in whole or in part any of plaintiff's land." The plaintiff had abandoned its allegations of negligence and was proceeding only in trespass. It was, therefore, entitled to have the cause submitted to the jury on the theory of trespass without reference to the allegations of negligence or wrongful taking. Cline v.Baker, 118 N.C. 780, 24 S.E. 516; Chaffin v. Mfg. Co., 135 N.C. 95,47 S.E. 226.
The challenged instruction placed too heavy a burden on the plaintiff. In trespass, the plaintiff is entitled to recover nominal damages if he only show that the defendant broke his close. Lee v. Stewart, ante, 287;Chaffin v. Mfg. Co., supra; Little v. Stanback, 63 N.C. 285.
New trial.