The execution issued from an order of the county court, directing Bolin, the prosecutor in an indictment, to pay the costs on the defendant being acquitted. After the order, and before the sale, Bolin conveyed for a valuable consideration to the defendant Hafley.
Two questions were presented to this Court:
1. Whether the order was such a judgment as warranted the issuing an execution to sell Bolin's land.
2. Whether, under the circumstances above stated, the plaintiff can maintain trespass.
The plaintiff in an action of trespass quare (187)clausum fregit must show that at the time of the commission of the trespass he had possession of the premises, either actually or constructively.
It is admitted in the statement of the case that the plaintiff had not the actual possession of the land in question.
Constructive possession can only exist where the party claiming has title to the land, and there is no one in actual possession claiming under an adverse title; and as the plaintiff had no title at law at the time of the commission of the trespass, he cannot be considered as having a constructive possession. Consequently, he cannot recover in this action.
The opinion of the Court being in favor of the defendant on the second point stated in the case, it is unnecessary to decide the first point.
Let the verdict for the plaintiff be set aside and a nonsuit entered. *Page 146 
NOTE. — See Kennedy v. Wheatley, 3 N.C. 402; Graham v. Houston,15 N.C. 232; Dobbs v. Gullidge, 20 N.C. 68; Phelps v. Blount, 13 N.C. 177;Sikes v. Basnight, 19 N.C. 157. See, also, note to Strudwick v.Shaw, 1 N.C. 34; S. c., 1 N.C. 5.
Cited: Hodges v. McCabe, 10 N.C. 82; Davidson v. Frew, 14 N.C. 5;Presnell v. Ramsour, 30 N.C. 506.
(188)