Daniel, Judge.
 

 — The defendant moved for a new trial, because the Judge had charged the jury, that they might give vindictive damages, under all the circumstances, when in law he should have directed the jury, that the damages should be restricted to the actual injury which the plaintiff had sustained. The counsel for the defendant now contends, that the case contains no circumstances to show that vindictive, damages should be given; that the rule for damages is a matter of law, and if the Judge mistakes it, it is a cause for a new trial. He says that the rule for damages in trespass on property, when it is destroyed, is the value of the property, and the inconvenience of the,plaintiff by the destruction at the time.
 

 In looking into the books, we find the rule in this action to be, that the jury are not restricted in their assessment of damages to the amount of the mere pecuniary loss sustained by the .plaintiff, but may award damages in respect of the malicious conduct of the defendant, and the degree of insult with which the trespass was committed'. The plaintiff is at liberty to give in evidence the circumstances which accompany and give character to the trespass. 2 Stark. Ev. 813. In
 
 trespass quare clausum fregit,
 
 the jury are not confined to the precise value of the subject-matter of damages, although they are not allowed to go out of the way to an unreasonable amount.
 
 Cox
 
 v.
 
 Dugdale,
 
 12 Price, 708.
 
 Merest
 
 v.
 
 Harvey,
 
 5 Taunt.
 
 *442
 
 442; 1 Eng. Com. Law Rep. 150. In trespass to the person, the jury are permitted to punish insult by exemplary damages,
 
 (Merest
 
 v. Harvey.) In
 
 Woert
 
 v.
 
 Jenkins,
 
 14 John. Rep. 352, it was held, that in an action of trespass for beating the plaintiff’s horse to death, the jury might give damages beyond the value of the horse, or
 
 smart money,
 
 there being proof of great and wanton cruelty on the part of the defendant. In the case now before the Court, it is scarcely possible that the trespasses complained of could have been committed without wanton malice and insult. If, in truth, the circumstances attending them were such as to render the instruction of the Judge, which was
 
 prima facie
 
 correct, inapplicable, then the defendant who excepts to the instruction, should have had those circumstances so spread upon the record, as to enable us to see that error was committed. The judgment must be affirmed.
 

 Per Curiam. Judgment affirmed.