Ruffin, C. J.
 

 The judgment must be affirmed’. This action is founded on the possession of the plaintiff; and tvhere he is in tho actual occupation of the
 
 locus in quo',
 
 another person cannot justify an entry upon him, unless it be upon a better title in hknsclf or as the servant of him who has the title ; because the law will protect a peacabie possession against a mere wrongdoer. But that principle has no application to a- case in which there is' no actual occupation by the plaintiff, and the
 
 possession is
 
 in fact vacant ;• for in such a case the law adjudges tho possession to be, constructively, with the title. At one' time, indeed, it was doubted, whether this action would Me at all, where there was no actual possession and the
 
 locus in quo
 
 was- in a wild state. But from the necessity @f the ease, it has long been held in this country, not that tho action will lie without possession, but that it will lie upon that possession, which the law implies to be in the owner of land, when no other person is in-point of fact
 
 *191
 
 on it. Therefore in order to entitle one to maintain trespass
 
 quare clausum fregit,
 
 when bo has no occupation of any part of the premises, he must show a title in himself, from which the law can deduce, that, constructively, he has the possession. Hence it is manifest, that in this case the plaintiff could not recover. There was no residence, enclosure, or occupation of the premises by any person, but the land was wholly unimproved, as far as we see. Then the law, which carries the possession to' the title, carries it, of course, to the real title — that is, in this case, to Collins and to him exclusively; because it cannot adjudge the possession to be in different persons at the same time, merely by force of opposing claims to the title, and it must be in that person only, who has the paramount title.
 
 Carson
 
 v.
 
 Burnett,
 
 Í Dev. & Bat. 546.
 

 Pee Curiam. Judgment affirmed,