Nash, J.
 

 The judgment in this case must be reversed. The plaintiff has shown neither an actual or constructive possession of the premises in question. To avail himself of the latter, he must prove the legal title in himself at
 
 *8
 
 the time the alleged trespass was committed. In this he lias not succeeded, and the jury were so instructed by his Honor, who tried the cause. It is however, in the second branch of the charge, that the error lies, of which the defendants complains. After informing the jury that the legal title was not in the plaintiff, the charge proceeds, “that if the evidence is believed, the plaintiff had shewn an actual possession, against which the defendants had proved nothing to prevent his recovery in this action.” Wo do not concur with his Honor. At the time that Lamb, who claimed title to the premises, conveyed to the plaintiff in 1843, there was on them an unfinished house. The plaintiff pat into it some empty barrels and boxes and nailed plank over the spaces left in the walls, for a window and fire place. This was the only possession he ever had, as far as the case discloses. A year after, in May 1844, the defendant Bodonhammer pulled off these boards and threw out the articles put there by the plaintiff, and leased the house for twelve months to one of the other defendants, who put into it somo wagon timber.— In this condition the premises remained, until March 1S4G, when the house was removed by the defendants; and the case states, that this removal constituted the trespass, for which the action was brought. It Í3 very clear it cannot be sustained. Whatever possession the piainliff may have acquired by putting into an unfinished house, which had never been inhabited by him or any other person, some empty barrels and boxes, and nailing on the boards, as set forth in the case, was lost to him by the acts of Bodenhammer of a similar character. If they were sufficient to give Patterson the actual possession, similar acts on the part of the defendant were sufficient to divest him of it, and place the actual possession in the latter. The acts were of the same character and must carry with them the same effects. Two years after Bod-enhammer had dispossessed the plaintiff and while his
 
 *9
 
 possession, so acquired, continued, the house was removed. To enable the plaintiff to maintain an action for the removing of the house, he ought to have re-entered before the house was removed and thereby revert the possession in himself. The action of
 
 quare clausum fre-
 
 git, is a x'emedy for an injury to the possession;
 
 Dobbs
 
 v.
 
 Gullidge,
 
 4 Dev. and Bat. 68, and therefore cannot be maintained by one who has it not.
 
 Tredwell
 
 v.
 
 Reddick,
 
 1 Ired. 56.
 

 His Honor erred in directing the jury, that at the time the house was removed, Patterson, the plaintiff, was in the actual possession of it, and could maintain his action,
 

 Per Curiam. Judgment reversed and a
 
 venire de novo
 
 ordered.