Manly, J.
 

 We tlim-k there was error on the part of the court below in refusing the instructions asked for. The action •of trespass,
 
 guare clausum fregit,
 
 is a possessory action, and can only be maintained by 'one who has a possession, either actual or'constructive; and the enquiry therefore, as to who. had the possession of the
 
 locus in guo
 
 is material, and happens in this case to be the turning point. In the case of lapping grants, when neither proprietor is in actual possession of the part common to both, the constructive possession of that part is with the superior title. Actual possession
 
 fh.e pedis positio
 
 of the law) by one who has the inferior title outside of the part that is common, however extended his claim, or long continued as to time, will not diminish the strength of the superior title. The reason is: such a possession does not expose the party to the others action, or afford him an opportunity of asserting at law the superiority of his title. The parties consequently remain unaffected as to their respective rights in the part common to both the grants as long as the}1- remain in this condition ; and as to possession,
 
 he
 
 has it by construction, who has the superior title. But if the party with the inferior title, take possession any where in the part that is common, such possession is held co-extensive with the entire part, and in such
 
 *41
 
 case the constructive possession which follows the better title is repelled, ¡and the law adjudges him
 
 who has the pedis jposi4io,
 
 to be in exclusive possession ^ for the reason, that where-ever he may have planted himself in the disputed part^ he is alike exposed to the-action of the adverse claimant; and therefore his possession should be held, in accordance with the general principle, commensurate with his claim.
 
 Williams
 
 v.
 
 Buchanan,
 
 1 Ired., 535;
 
 Baker
 
 v. McDonald, 2 Jones, 244;
 
 McMillan
 
 v. Turner, 7 Jones, 435. These rules of law present and explain the apparent inconsistency-, that while in the present condition of the respective claimants to these grants, the possession is construed to be in the heirs *of Blount, yeft if their grant had covered more of the plaintiff’s land, i. e., had ■extended south of the line D, 2, so as to embrace the actual possession of the plaintiff, the possession of the whole la.p would have been in the plaintiffs. In the former case the plaintiffs could not maintain this action, ha the latter they ■could.
 

 The principles here laid down were fully recognized by his Honor below'-in the first part of his instructions to the jury, but in the latter part, he seems to hold them inapplicable to the trespass of a stranger or mere wrong-doer. We are mot aware of _such an exception. This action cannot be maintained by one who has neither the actual nor constructive possession -of the
 
 locus in
 
 quo, -against .an intermeddler. There-must .be a
 
 mnvre de novo.
 

 Per Curiam,
 

 -Judgment reversed.