Battle, J.
 

 The objections to the competency of testimony •were untenable, and bis Honor was right in so deciding.
 

 1.
 
 MePhail
 
 was competent to testify for the plaintiff. His testimony was against his interest. In proving that the deed from McDougald to him was void on account of the incapacity of the grantor to make it, he showed that he was liable to the defendant, who was the purchaser of the land as his, under a sheriff’s sale ; see Revised Code, eh. 45, seg. 27.
 

 2. The case of
 
 Clary
 
 v. Clary, 2 Ired. 78, has settled the rule, that in" the case of a deed as well as of a will, any witness, though he may not be an attesting one, who has had opportunities -of knowing and observing a person, whose sanity is impeached, may not only depose to the facts within Ms knowledge, but may also give his opinion as to the sanity or insanity of such person.
 

 Upon the question of estoppel, his Honor’s opinion was wrong. If the deed from McDougald to MePhail was a nullity, because of the grantor’s insanity, we cannot see bow it could estop the grantee or any person claiming under him. It certainly did not estop the grantor, and a primary rule in
 
 *122
 
 the doctrine of estoppels is, that to be of any force, t.hey must be mutual. Henee, the defendant was not estopped to take advantage of the fact, that the plaintiff’s lessors could not show title to the third tract of land described in the plaintiff’s declaration. It was error, then, in the Court to instruct the jury, that the lessors were entitled to recover that tract, and for the error, thus committed, the judgment must be reversed, and
 
 a venwe de novo
 
 awarded.,
 

 Pee Cueiam, Judgment reversed.