### JOHN P. LITTLE *v.* PRESLEY STANBACK.

Instructions to a jury, that if a plaintiff sustains no injury from the ponding of water upon his mill wheel, still he is entitled to *nominal* damages, are correct.

Where a petition under the statute, [Rev. Code, ch. 71, s. 8] for damages caused by the erection of a mill upon the stream below, described it as a " grist mill;" without calling it a *public mill*, or a grist mill *grinding for toll*, *held*, to be sufficient.

The mere raising of a stream within its banks, although it is not thrown out of them, is sufficient to support an action for injury to land through which it runs.

PETITION, to recover damages caused by the erection of a mill, tried before *Buxton, J.*, at Fall Term 1868 of the Superior Court of ANSON.

Upon the trial, the defendant's counsel asked the Court to charge the jury, that if the water backed, by the dam below, upon

the wheels of the plaintiff's mills produced no injury to the plaintiff, the latter was entitled to no damage. The Court declined so to charge, and instructed the jury that in such case the plaintiff would be entitled to nominal damages.

Verdict for the plaintiff; Rule for a new trial; Rule discharged; Judgment, and Appeal.

*Person* and *Fowle & Badger*, for the appellants.

*Strange* and *R. H. Battle, Jr., contra.*

READE, J. The statute provides that "any person conceiving himself injured by the erection of any grist mill, or mill for other useful purposes, may apply by petition to the Court of Pleas and Quarter Sessions for the county in which the land is situate, setting forth in what respects he is injured by the erection of the mill, &c." Rev. Code, ch. 71, s. 8.

Under this statute any one whose *land* is injured by the erection of such a mill, may recover damages for the injury to the *land*, and also for incidental injuries,—as, to the health of his family, to his machinery, &c.

The parties went to trial before the jury upon the single issue, " Is the plaintiff damaged by the erection of the mill of the defendant; and, if so, what is the extent of the damage?" The issue is not as specific in terms, as it might have been, but no other was asked for, and no objection made by either party.

" The defendant asked his Honor to charge the jury, that, if there was water backed by the defendant's dam on the plaintiff's wheel, and it produced no injury to the plaintiff, the plaintiff was entitled to no damages, and their verdict should be for the defendant."

His Honor declined to give the instructions, but charged the jury, that, "if they were satisfied that the water was ponded back by the defendant's dam on the plaintiff's wheel, but produced no *substantial* injury, the plaintiff would be entitled to *nominal* damages."

Giving to the exception, and to his Honor's charge, a plain

and just interpretation, we think that the point intended to be presented was "Is the mere fact of ponding back the water upon the plaintiff's premises sufficient to entitle him to nominal damages?" His Honor thought it was, and we are of the same opinion. It is like a trespass on land, when the allegation is, that the defendant broke the plaintiff's close, and trod down his grass; it is clear that the mere entry upon the land, although there be not so much perceptible injury as the treading down a single sprig of grass, is a trespass, and entitles the plaintiff to nominal damages.

There were many points taken in the argument at this bar, that were not taken below, and our province is only to correct the errors in the trial below. But we do not see that the objections could have availed the defendant, if they had been taken in apt time.

It was objected,

1. That it is not alleged in the petition, that the defendant's mill is a *public* mill, or a grist mill *grinding for toll.* That is true: but it is alleged that it is a "grist mill;" and that is within the words of the statute.

2. That it did not appear that any portion of the plaintiff's *land* was overflowed, but only that the wheels of his mill were flooded, by the ponding of the water.

Supposing that this be true, in the sense that the water was not thrown out of the banks of the stream, yet the raising the water in the stream, necessarily overflowed the banks, to the extent that it was raised; and these incidental injuries were properly considered. So that we need not consider the question, whether the mill and machinery, being a part of the realty, answers the description of land.

PER CURIAM.                    There is no error.