DRAKE v. HOWELL.

(Filed October 15, 1903.)

1. DEEDS—*Frauds, Statute of—Evidence—Parol Evidence.*

Standing trees are a part of the realty and are not the subject of parol conveyance, and any evidence thereof is not competent.

2. TRESPASS—*Possession—Damages.*

An action for trespass for cutting and removing timber from land cannot be maintained by one not in actual or constructive possession thereof.

3. ESTOPPEL—*Trespass—Possession—Deeds.*

Where, in an action for trespass in cutting timber, plaintiff failed
to prove that he was in actual possession or that he had legal
title to the trees, defendants were not estopped from denying
plaintiff's title by two deeds by plaintiff and another, conveying
the right to cut the timber to defendants, under one of which
defendants' rights had expired by limitation before any attempt
had been made to cut the timber, and the other never having
been delivered.

4. TRESPASS—*Damages.*

The grantee of land cannot maintain an action for damages for a
trespass committed before he became the owner thereof.

ACTION by J. C. Drake and others against S. D. Howell
and others, heard by Judge *Frederick Moore* and a jury at
September Term, 1903, of the Superior Court of HERTFORD
County. From a judgment for the plaintiffs the defendant
appealed.

*George Cowper* and *D. C. Barnes,* for the plaintiffs.
*Winborne & Lawrence,* for the defendant.

WALKER, J. This action was brought by the plaintiffs to
recover damages for cutting and removing timber from a
tract of land known as the Britt place. The land belonged
to H. B. Parker, Sr., who, in 1899, conveyed it to his sons,
H. B. Parker, Jr., and Fred. P. Parker. The plaintiffs
alleged that they had purchased the standing timber on the
land from H. B. Parker, Sr., "by a verbal contract." They
introduced in evidence an agreement, in form of a deed, dated
September 13, 1897, by which the trees on the Britt place
were conveyed by the plaintiff J. C. Drake to S. D. Howell
& Co., of which firm the defendant was a member, with the
right to cut and remove the same within two years from said
date, the consideration of this agreement being $250, of which

sum $200 was paid by the plaintiffs at the time the agree-
ment was executed.   The defendants never entered upon the
land and did not cut any timber under the agreement.   Plain-
tiffs then introduced a contract, in form, a deed, dated June
21, 1900, between the plaintiff J. C. Drake and one H. B.
Parker and the defendants S. D. Howell & Co., by which
the same trees were conveyed to the defendants, with the right
to cut the said timber within six months from the date of the
contract.   The consideration of this contract was the unpaid
balance of the consideration of the first agreement and an
additional sum charged for the timber, the total amount
being $183.75.   The plaintiffs claim that the latter contract
or deed had not been delivered to the defendants, but that
it was acknowledged by the plaintiff J. C. Drake and placed
in the hands of one E. G. Sears, the justice of the peace who
took the acknowledgment, to be delivered to defendants when
the purchase money should be paid.   There was evidence tend-
ing to show that the contract was sent to H. B. Parker, Jr.,
to be signed and acknowledged by him and returned to Sears,
so that it might be delivered to the defendants when they
paid the purchase money.   Parker signed and acknowledged
the paper and it was registered, the plaintiffs insisting that
this was done in violation of the understanding and that the
agreement or deed was in fact never delivered.   The plaintiff
Drake was permitted to testify, after objection by the defend-
ants, that he bought the trees under a verbal contract from
H. B. Parker, Sr., and gave him $300 for them.   The de-
fendants, within six months after the date of the last contract
or deed, cut and removed the trees.   There was no evidence
that the plaintiffs had ever had actual possession of the land
or timber.

The Court gave to the jury, among other instructions, the
following:  That if they believed the evidence the plaintiffs
were the owners of the timber at the time the defendants cut

and removed it, unless the deed of June 21, 1900, was de-
livered. The defendants excepted to this instruction, and
thus is presented the only question which we deem it necessary
to consider.

The testimony of the witness Drake was incompetent, as
the title to real estate or to any interest in or concerning the
same cannot pass by parol. *McPhaul v. Gilchrist,* 29 N. C.,
169; *Cox v. Ward,* 107 N. C., 511; *Presnell v. Garrison,* 121
N. C., 366; *Buckner v. Anderson,* 111 N. C., 577. It can-
not be doubted that standing trees are a part of the realty
and therefore are not the subject of parol conveyance any
more than the land itself would be. *Mizell v. Burnett,* 49
N. C., 249; 69 Am. Dec., 744; *Green v. Railroad,* 73 N. C.,
524. The evidence, therefore, should have been excluded,
but this does not dispose of the appeal, as we must still ascer-
tain whether there was any other evidence which, if believed
by the jury, entitled the plaintiffs to their verdict.

The plaintiffs' action is, in substance and effect, one for
trespass in cutting and removing the trees, and it was so
treated in the argument before us. In order to recover in
such an action the plaintiff must show that he was either
actually or constructively in possession of the property at the
time the alleged trespass was committed. There was no evi-
dence of actual possession, and the plaintiffs are therefore
driven to rely upon constructive possession. This they could
have shown by proof that they had actually acquired the title
from the true owner or that the defendants were estopped in
some way to deny their title, for he who claims and estab-
lishes a title by estoppel is, as to those estopped, in the con-
structive possession of the property to which the estoppel
relates, and may maintain trespass. *Phelps v. Blount,* 13
N. C., 177. In other words, the action of trespass being a
remedy for an injury to the possession, it cannot be main-
tained by one who had not the possession at the time the

injury is alleged to have been committed (*Patterson v. Boden-hammer*, 33 N. C., 4) ; and in order to entitle one to maintain trespass when he had no occupation of any part of the property, he must in some way show a title in himself, from which the law can deduce that, constructively, he had the possession at the time of the alleged trespass. *Cohoon v. Simmons*, 29 N. C., 189. As we have held that the evidence which, as the plaintiffs claimed, tended to show that they had acquired title from the true owner of the property was incompetent, the plaintiffs can show title and constructive possession only in one other way—that is, by estoppel—and this they claim to have successfully done. In this connection they contend (1) that the defendants were estopped by the contract or deed of September 13, 1897, and that if this be not true, then (2) that they were estopped by the contract or deed of June 21, 1900. We do not think that they were estopped by either of these instruments.

In the first place, the agreement of September 13, 1897, had expired by its own limitation some time before the defendants entered upon the Britt land and cut the timber. The time fixed by that contract for cutting and removing the timber was two years, and this time had more than run out at the date of the alleged trespass. It is true that a party who accepts a deed poll is bound by its covenants and conditions, for if he claims the benefits of the deed he must also assume the burdens imposed by it. He cannot claim under it and against it. *Fort v. Allen*, 110 N. C., 183. But there as a well-settled rule in regard to an estoppel by deed, that even in the case of a strict estoppel as between the parties to the deed the estoppel is in its operation commensurate only with the interest or estate conveyed. *Staton v. Mullis*, 92 N. C., 623; *Fisher v. Mining Co.*, 94 N. C., 397. There is no evidence that we have been able to find in the record tending to show that the defendants ever entered upon the land

or cut any of the trees under this contract, and they certainly did not acquire any possession of the trees or any advantage over the plaintiffs in respect to them by virtue of the contract. Why, then, should they be estopped? *Robertson v. Pickerell,* 109 U. S., 609.

The plaintiffs contend, though, that if the defendants are not estopped by the agreement or deed of September 13, 1897, they are by the agreement of June 21, 1900. The jury have found that this instrument was never delivered by the plaintiffs, and that therefore it has never become a deed. An estoppel by deed cannot arise until the instrument which is claimed creates the estoppel has become effective as a deed. *Smith v. Ingram,* 130 N. C., 100. If the defendants were estopped, the plaintiffs were also estopped to deny that it was a deed, for estoppels must be mutual (*McDougald v. McLean,* 60 N. C., 120; *Ray v. Gardner,* 82 N. C., 146); and if the instrument had been delivered as the deed of the plaintiffs the acts of the defendants were lawful, and this action would not lie. If a party has acquired the possession of land by virtue of a deed or contract of purchase which he has accepted from the vendor in an action to recover the purchase money or in an action by the vendor to recover the land, he will be estopped to question the vendor's title. *Lacy v. Johnson,* 58 Wis., 422; *Smith v. Arthur,* 110 N. C., 400; *Dowd v. Gilchrist,* 46 N. C., 353. It would be inequitable and fraudulent for him to do so. But that is not the case we have here. Not only is there no deed by which he could be estopped, because the jury have found that there was no delivery, but there is no evidence that the defendants obtained the possession of the trees by virtue of the instrument which the plaintiffs claim operates as an estoppel. We do not well see why they should have taken possession under that instrument, as, under the circumstances, it would have been no protection to them. Again, the estoppel must be based upon the idea that the

plaintiffs had authorized the defendants to enter upon the land and cut the trees, while the plaintiffs are suing them as trespassers, thereby asserting that they entered without permission and in defiance of the rights of the plaintiffs.

There is an allegation in the pleadings that the plaintiffs have acquired the title to the Britt tract since this action was commenced, but this, if true, cannot help them, as a conveyance of title to the land after the defendants had committed the alleged trespass would not pass the right to the damages claimed by the plaintiffs. Such damages are personal to the owner of the property and do not pass to his grantees. *Liverman v. Railroad,* 114 N. C., 692.

It may be that the plaintiffs, if they are unable to succeed in the present form of their action, can, by amendment or a new action, recover the purchase price of the trees fixed by the contract of June 21, 1900, as a suit for the purchase money would be equivalent to a confirmation of the deed, which was delivered without the consent of the plaintiffs. *Smith v. Arthur, supra.*

The defendants allege that the Parkers claimed the purchase money under the contract of 1900. If the pleadings are amended and the defendants desire the Parkers to be made parties to the action, so that the rights of the respective claimants of the purchase money may be determined and the defendants relieved of a double charge for the same, they may perhaps obtain relief under section 199 of The Code before the amended answer is filed. Clark's Code (3d Ed.), 138.

Upon a review of the whole case, we think the Court erred in charging the jury that if they believed the evidence the plaintiffs were the owners of the trees, unless the deed of June 21, 1900, had been delivered, and for this error there must be another trial.

New trial.