HUTTON & BOURBONNAIS, Inc. v. J. H. COOK.

(Filed 9 May, 1917.)

1. Instructions—Trials—Pleadings—Admissions—Evidence—Nonsuit.

In an action for trespass, where the plaintiff has introduced in evidence a portion of his complaint alleging his deed from the defendant to timber standing upon lands, allowing fifteen years for its cutting and removal, and a portion of the answer admitting this allegation and that defendant had cut shingle blocks therefrom; and defendant denies that his deed, as given, allowed more than five years for the cutting and removal of the timber, and alleges that his act complained of occurred after that time, without introducing evidence as to the alteration alleged to have been made in his deed, an instruction to the jury is proper that if they believe the evidence, to find for the plaintiff; and defendant's motion for nonsuit is properly disallowed.

**2. Deeds and Conveyances—Description.**

A deed to lands, or standing timber thereon, referring for description to a former deed, incorporates the description referred to, and it will be considered as if therein embodied.

**3. Trespass—Legal Right—Nominal Damages.**

Nominal damages are awarded in recognition of a legal right where the right has been invaded and no actual damages are shown; and where trespass upon the right to cut timber standing upon lands has been shown in an action, nominal damages, at least, are recoverable, which carries the cost against the defendant.

**4. Evidence—Deeds and Conveyances—Contracts.**

· A grantor may not, as against his grantee, contradict the written terms of his deed, or deny its legal force and effect by evidence of inferior solemnity, while it remains in force as a conveyance, and unimpeached for fraud, accident, or mistake.

CIVIL ACTION, tried before *Ferguson, J.,* and a jury, at October Term, 1916, of BURKE.

Plaintiffs allege that defendant J. H. Cook had trespassed on certain lands described in a deed from Tobias Queen to J. H. Cook, dated 21 February, 1894, and a deed from the latter, dated 13 October, 1905, for the timber thereon, consisting of "white pine, poplar, oak, chestnut, and yellow pine which will make merchantable lumber, except chestnut oak," with the right to cut, saw, and remove the same within fifteen years from date of deed. It is further alleged that plaintiffs, by virtue of said deed, are the owners of the timber trees on the land conveyed by the defendant's deed to them, and that defendant unlawfully and wrongfully entered upon the land while plaintiffs were cutting timber thereon, and cut timber and shingle blocks on the land, it being part of the timber belonging to the plaintiffs, thereby damaging them in the sum of $100. Defendant admitted the allegations of the first section of the complaint, that Tobias Queen had conveyed the land to him. He denied the second section, as to the deed of himself to plaintiffs, and as to the trespass, though he admitted that he had cut shingle blocks to the value of $10 from the land described in the deed of Tobias Queen to him. He denied the execution of the deed of J. H. Cook to plaintiffs, which was introduced in evidence, having been duly registered, and alleged that he did execute a deed to plaintiffs for timber, but that the deed in evidence was different from the one made by him, and that his deed had been changed and altered, and provisions added thereto after its execution, and that his true deed only allowed five years for cutting the timber, and not fifteen years, which words were inserted after the execution of his deed, without his knowledge or consent, and he avers that he is, and that at the time he cut the shingle blocks on the

32—173

land he was entitled to cut and remove any and all timber then remaining on the land, and that plaintiffs had no interest therein. He demands damages because he has been prevented by plaintiffs from cutting the timber remaining on the land, which belongs to him and not to the plaintiffs. The deed of Tobias Queen to defendant, and the deed of the latter to the plaintiffs, were offered in evidence by the plaintiffs, both deeds having been duly registered, as appeared therefrom. Plaintiffs next introduced the first section of the complaint, alleging the execution of the deed of Tobias Queen to the defendant, and the first section of the answer, admitting the same, and also the fourth section of the answer, admitting the defendant had cut the shingle blocks from the land, which he claimed as his own, and plaintiffs then rested. Defendant moved for a nonsuit, which was refused, and he excepted. He did not introduce any evidence. The court charged the jury that if they believed the evidence they would answer the first issue "Yes" and assess nominal damages, say, twenty-five cents, or some small sum. The jury returned the following verdict:

1. Is the plaintiff the owner of the timber and timber rights, as alleged in the complaint? "Yes."

2. What damage has plaintiff sustained, if any, by the wrongful acts of defendant? "Twenty-five cents."

Judgment for plaintiffs on the verdict, and appeal by defendant.

*W. B. Council for plaintiffs.*
*Avery & Ervin for defendant.*

WALKER, J., after stating the case: It is evident, we think, from a proper construction of the pleadings, that the defendant did not intend to deny plaintiffs' title and right of possession to the land for the purpose of cutting and removing the timber, if his allegations as to the alterations in his deed to them are not true or, what is the same thing, in legal effect, have not been proven. He admits the execution of the deed from Tobias Queen to himself, and plaintiffs introduced the deed from the defendant to them, both deeds having been registered. The second deed referred to the first for description of land, and this description is to be taken as embodied in the second deed, *Gudger v. White*, 141 N. C., 507. It appeared from these deeds that plaintiffs had the right to enter upon the land and cut the timber of the specified description within fifteen years from the date of the deed, which period had not expired when defendant admits he entered upon the land and cut the shingle blocks, which surely comes within the designation of merchantable lumber. The defendant claimed that "he cut the shingle blocks on his own land," but it is too plain, as not to be arguable, that this

meant only that if his allegations as to the alterations in the deed were true, he was entitled to the uncut timber remaining on the land at the end of the five years, which he contends, but without proof, was the time fixed by the deed for the cutting. But by the deed itself plaintiffs were allowed fifteen years to cut the timber, and in law, they are entitle to this full time, unless defendant had shown by sufficient allegations and proof that the deed had been tampered with as he suggests, but there was no proof offered upon this allegation. The case as made by the uncontradicted proof resolved itself, therefore, into the simple question whether plaintiffs were entitled to a verdict upon the documentary evidence. The court charged the jury to find for the plaintiffs if they believed the evidence, and this was a correct instruction; nor was there any error in the refusal to grant a nonsuit. Upon the deeds themselves, and the admissions in the pleadings, the plaintiffs were entitled to a favorable response to the first issue, and, at least, to nominal damages. *Lumber Co. v. Lumber Co.,* 137 N. C., 443; 1 Joyce on Damages, sec. 8; Cooley on Torts (2 Ed.), p. 74; *Little v. Stanback,* 63 N. C., 285. A party is entitled to nominal damages if the jury find that there has been any injury to his legal rights. They are not given as an equivalent for the wrong, or as a substantial recompense, for they are not such, but are merely a small sum awarded in recognition of the right, and of the technical injury resulting from a violation of it, as the above authorities will show. They have been described as "a peg on which to hang costs."

As upon all the uncontradicted evidence there had been a trespass on the land, the recovery of nominal damages followed as a matter of course. There was evidence here of substantial damages, but plaintiffs have not claimed them. Upon the other question, as to the legal effect of the deed, if not assailed by competent proof, it is familiar learning that the grantor will not, as against his grantee, be heard to aver anything contrary to it, or to deny its legal force and effect by any evidence of inferior solemnity. Bigelow on Estoppel (5 Ed.), 332. He cannot assert any right or title in derogation of his deed to the grantee, nor deny the truth of any material fact alleged in it, in a collateral way. 16 Cyc., 686. This being true, defendant's attack upon his own deed in this case has nothing to rest upon.

There was, therefore, no error in the charge of the court or in any other respect.

No error.