LEANDER LEE ET AL. v. G. M. LEE ET AL.

(Filed 29 September, 1920.)

**1. Trespass—Estates—Life Estates—Evidence—Nonsuit.**

A tenant for life in possession of the lands may recover nominal damages for trespass thereon, and a motion for judgment as of nonsuit upon the evidence is properly disallowed.

**2. Trespass—Evidence—Admissions—Survey—Court's Supervision.**

*Held,* under the admissions in this action of trespass, a certain portion of the land awarded to the defendant should be marked under the supervision of the court to avoid future litigation.

APPEAL by defendant from *Connor, J.,* at the November Term, 1919, of HARNETT.

This is an action to recover damages for trespass on land by entering thereon and cutting valuable timber trees.

The plaintiff alleges that he is the owner in fee of the land described in the complaint, and in possession of the same, which allegation is denied by the defendant.

It is not denied that the plaintiff was the owner of the land for life at the commencement of the action.

At the conclusion of the evidence, the defendant moved for judgment of nonsuit on the ground that the action is one to recover damages for injury to the inheritance, and that the plaintiff, as life tenant, cannot maintain the action.

The motion was overruled, and the defendant excepted.

There was a verdict and judgment for the plaintiff, and the defendant appealed.

*Godwin & Williams, Baggett & Mordecai, and C. L. Guy for plaintiff. E. F. Young and Clifford & Townsend for defendant.*

ALLEN, J. There is authority for the position that a tenant for life may recover all of the damages to the inheritance, but this does not seem to be the prevailing rule (*Rogers v. Atlantic Company,* Anno. Cases, 1916, c. 877, and note), although it was held in *Wheeler v. Tel. Co.,* 172 N. C., 11, that one in possession, nothing else appearing as to title, may recover the entire damages against a wrongdoer, but however this may be, one in possession may, in any event, recover nominal damages for the wrongful entry into the land, although he suffers no substantial damage. *Frisbee v. Marshall,* 122 N. C., 763.

This being true, the plaintiff, as life tenant, can maintain this action for an entry upon the land of which he was in possession, and he has in

this Court waived all claim to recover substantial damages, and has agreed that his recovery of damages be stricken from the judgment.

The pleading is sufficient, as it not only alleges title but possession, but if it was otherwise, we would grant the motion of the plaintiff to amend as it appears to us the action has been tried on its merits and the defendant has not been deprived of any defense.

The judgment, therefore, will be affirmed, except the recovery of damages will be stricken out, and it will be further modified so that the plaintiff will not recover "that portion of the land in dispute represented by the said triangle on the court map, which is included in the defendant's cultivated field," as this is in accordance with the admission of the plaintiff appearing of record.

The cultivated field covered by this admission ought to be marked under the supervision of the court, so that future litigation may be avoided.

Modified and affirmed.