CHARLIE KINSLAND v. S. J. KINSLAND ET AL.

(Filed 19 December, 1924.)

**Injunction—Pleadings—Allegations — Surface Waters—Damages—Trespass—Insolvency.**

The demand for damages in the complaint for ponding water upon and injuring the lands of the upper proprietor required by C. S., 2556, is not necessary when the relief sought is to enjoin the maintenance of a dam on the plaintiff's own land by the defendant's trespass thereon, and the abatement of the nuisance thus caused, and the trespass being continuing, the allegation of defendant's insolvency is not necessary for the continuance of the restraining order to the final hearing before the jury.

APPEAL by plaintiff from *McElroy, J.,* at April Term, 1924, of MACON.

The plaintiff's allegations are substantially these: The plaintiff is the owner of the land described in the complaint, and defendants are the owners of the land below and adjoining the plaintiff's, on which there is a grist mill about 800 or 1,000 feet from the dividing line; defendants have trespassed on the land of the plaintiff and have constructed or begun the construction of a dam upon it, and have ponded water, obstructed his ditches and rendered a part of his land useless for cultivation; they have also committed other acts of trespass which have caused, and will cause, injury to his property.

The defendants admit the plaintiff's title and their ownership of the mill and the adjoining land, but they deny the trespass. At the close of the evidence, the action was dismissed as in case of nonsuit. The plaintiff excepted and appealed.

*H. G. Robertson, A. W. Horne and J. F. Ray for plaintiff.*
*T. J. Johnston and Gilmer A. Jones for defendants.*

ADAMS, J. Upon a former appeal the restraining order was dissolved without prejudice to the rights of the plaintiff to renew his motion upon

definitely establishing the facts at the final hearing. 186 N. C., 760. Afterwards, the cause came on for trial upon an amended complaint, in which the plaintiff prayed that the dam be declared a trespass and a nuisance and that an order be issued restraining the defendants from wrongful entry upon the plaintiff's land.

The theory upon which the action was dismissed is not stated in the judgment, but from the defendant's brief, we infer it rests on the contention that as no damages, annual or otherwise, were demanded in the complaint, the dam cannot be abated or the defendant restrained until damages are assessed under the statute.

True, this seems to be a substantial requirement of section 2556 of the Consolidated Statutes. *Hester v. Broach,* 84 N. C., 252. But this section, we apprehend, applies where water is ponded upon the plaintiff's land by a dam constructed on the property of another or where a trespass of like character is committed, because at common law an action could be brought each day so long as the trespass continued. But the statute does not apply and was never intended to apply to an actual entry upon the complainant's premises and the construction thereon of a dam for the purpose of ponding water and retaining possession.

The unauthorized entry upon the possession of another entitles him to nominal damages at least (*Lee v. Lee,* 180 N. C., 86) and it may be such as to evoke the equitable jurisdiction of the courts or it may result in the creation of a nuisance which the law will abate.

There is evidence tending to show that the defendant after invading the plaintiff's possession, built the dam on the plaintiff's land, and that the alleged trespass is continuous in its nature. There is evidence to the contrary. The issues raised should be submitted to the jury and the verdict will determine the questions whether the defendants have committed the alleged trespass and whether the plaintiff is entitled to an order restraining a continuance of the trespass and a mandatory injunction to compel the defendant to remove the dam, although actual damages are not demanded. If a trespass is continuous it is not necessary to allege the insolvency of the defendant. C. S., 844; *Lyerly v. Wheeler,* 45 N. C., 267; *Bond v. Wool,* 107 N. C., 139; *Cobb v. R. R.,* 172 N. C., 58; *Woolen Mills v. Land Co.,* 183 N. C., 511; 26 R. C. L., 943 (17); 14 *ibid.,* 444 (145); *ibid.,* 453 (153); *ibid.,* 455 (156).

The judgment of nonsuit and dismissal is reversed and the cause is remanded for further proceedings.

Reversed.