IDA P. CARTER ET AL. v. T. E. VANN ET AL.

(Filed 11 March, 1925.)

**Evidence—Boundaries—Issues of Fact—Verdict—Appeal and Error.**

> *Held,* under the evidence in this case, the questions of inconsistencies in the description of lands and boundaries contained in the several deeds under which the parties claimed title, and the subsequently changed location thereof, were properly issues of fact that have been determined by the jury, and presented no questions of law that were reviewable on appeal.

APPEAL by defendants from *Bond, J.,* at October Term, 1924, of HERTFORD, in a proceeding to establish boundary lines.

On 19 February, 1885, B. B. Winborne and his wife conveyed to T. E. Vann one undivided half interest in the "Hill's Ferry Wharf property," on the Meherrin River, being a part of the old Hill's Ferry tract, formerly owned by R. G. Cowper, the other half interest having been released to said Winborne by said Cowper in 1882. This deed conveyed also a strip of land bounded by the wharf property, the public road, the river, and the brow of the hill upon the Shell Landing. This strip of land was reconveyed by Vann to Winborne on 11 November, 1889.

On......February, 1885, B. B. Winborne and his wife conveyed to T. E. Vann and P. D. Camp and J. L. Camp, trading as Camp & Co. (one-half interest to Vann and one-half interest to Camp & Co.), a piece of land bounded as follows: On the east and north by the lands of U. Vaughan and M. Vaughan and wife, Sarah; on the west by the public road leading from Buckhorn to Hill's Ferry on the Meherrin River, and on the south and southeast by the Meherrin River, said public road and the Hill's Ferry Wharf property, then owned by said

B. B. Winborne and said T. E. Vann; the boundaries of the wharf property being as follows: Said wharf property begins at a chopped cypress standing on the edge of the river below the ferry, where the fence in July, 1882, came to the river; thence up the run of said fence to a chopped gum; thence a few feet to a sycamore, chopped; thence a straight line across the road tract to a chopped pine standing on the edge of the river at a little gut; thence down the river to the beginning.

On 1 January, 1890, P. D. Camp, J. L. Camp, their wives, and T. E. Vann and his wife, in pursuance of a contract made 27 August, 1889, conveyed to J. E. Carter, testator of the plaintiffs, a tract of land bounded as follows: On the west by the road leading from Como to Hill's Ferry; north and east by the lands of Uriah Vaughan; south by Meherrin River; it being a part of the R. G. Cowper land, situated in Maney's Neck Township, conveyed to the grantors by B. B. Winborne, said to contain 200 acres, more or less.

On 2 January, 1890, J. E. Carter and his wife executed a deed of trust on this land to secure the purchase price.

On 3 February, 1914, B. B. Winborne and his wife conveyed to R. A. Magette a one-half undivided interest in the wharf property and river front on Meherrin River.

The jury answered the following issue "Yes": "Is the road marked on the plat 'Old Road' from X to point marked 'Old Ferry Landing,' and from point to the Meherrin River, the western and southern boundary of the lands of the plaintiffs?"

Judgment for the plaintiffs. The defendants appealed, assigning error.

*Roswell C. Bridger for plaintiffs.*
*Stanley Winborne for defendants.*

PER CURIAM. The jury found the old road and Meherrin River to be the western and southern boundaries of the plaintiffs' land, and the defendants contend that the true location of these boundaries is as represented on the plat by the lines A, B, C, X. The controversy seems to have arisen out of an alleged inconsistency in certain of the deeds that were offered in evidence. In the deed from Winborne to Vann and Camp & Co., dated........day of February, 1885, the land conveyed is described as bounded on the south and southeast by the Meherrin River, the public road, and the Hill's Ferry Wharf property, the boundary of the wharf property being also set out. The land conveyed to J. E. Carter is bounded on the west by the road leading from Como to Hill's Ferry, etc., it being a part of the Cowper land, conveyed to the grantors by B. B. Winborne. The defendants contend that this deed automatically excepts the wharf property as described in B. B. Winborne's exception. *Hutton v. Cook,* 173 N. C., 496. But if this be granted, it does

not necessarily follow that the location of the eastern boundary of this property is as contended by the defendants; this was a question for the jury to determine upon all the evidence.

It is also insisted by the defendants that the old road cannot be the dividing line, even if the Winborne exception be ignored, for the reason that the deed to Carter must be construed in reference to the date it bears, and that the road therein called for is the new road, which lies a few yards east of the old road. The road is described as "leading from Como to Hill's Ferry," but it is not described as a "new road" or an "old road," and its location was essentially a matter of fact, not of law. We must therefore overrule all the exceptions based upon the assumption that in no view of the evidence can the old road be the dividing line. The defense was based primarily upon this contention.

The motion to nonsuit the plaintiffs was properly denied, as there was sufficient evidence to warrant the verdict. Indeed, practically the entire controversy was reduced to questions of fact, which were clearly presented to the jury upon competent evidence. We have examined all the exceptions, some of which were merely formal, and have found none that call for elaborate discussion. We find

No error.