MRS. MILDRED MAE LEE AND A. E. JERNIGAN v. HARVEY STEWART.

(Filed 9 October, 1940.)

**1. Trespass § 1a—**

Every unauthorized, and therefore unlawful, entry into the close of another is a trespass.

**2. Trespass § 4—**

Evidence showing a trespass is sufficient to defeat a motion for judgment as of nonsuit, since upon such a showing the party aggrieved is entitled to nominal damages at least.

**3. Same—Evidence held to show unauthorized entry into the close of plaintiffs.**

The evidence tended to show that defendant had been notified to stay off the *locus in quo*, that nevertheless he entered upon the land and went into a tobacco barn thereon. One plaintiff was the tenant of the other plaintiff. Defendant testified that before going on the premises he got the permission of the tenant's wife, but she testified that she did not give him permission to do so. It further appeared that the tenant was a share cropper. *Held:* The evidence is conflicting as to whether the tenant's wife consented to defendant's entry, and there was no evidence that she had authority to permit him to go on the premises, and therefore nonsuit on the ground that the entry was authorized, is error.

**4. Same—Where evidence shows unauthorized entry, contention that non-suit should be sustained for want of evidence of negligent injury is untenable.**

The evidence tended to show an unauthorized entry by defendant upon the *locus in quo*, that defendant went into a tobacco barn on the land, moved the tobacco therein at a time when it was dry and brittle, placed tobacco of his own in the barn and renewed the fire, and that shortly thereafter the barn burned to the ground. Plaintiffs' evidence tended to show that when defendant moved the tobacco at least one stick fell and other tobacco shattered and fell about in the barn and on the flues. Defendant's evidence tended to show that he removed all shattered tobacco and left the flues clear. *Held:* Defendant's contention that the judgment as of nonsuit should be sustained for want of evidence of negligence is untenable, since proof of trespass entitles the aggrieved party to nominal damages at least, and further, the conflicting evidence as to damage inflicted is for the jury.

**5. Trespass § 7—**

A trespasser is liable for all damages which proximately result from his wrongful act, whether produced intentionally or through negligence, and the mere fact of wrongful entry entitles the party aggrieved to nominal damages at least, and therefore conflicting evidence as to whether the trespasser was guilty of negligence resulting in actual damage merely raises a question for the jury.

APPEAL by plaintiffs from *Thompson, J.,* at April Term, 1940, of JOHNSTON. Reversed.

LEE *v.* STEWART.

Civil action to recover damages for trespass, *quare clausum fregit.*

Plaintiff Lee is the owner of a tract of farm land in Johnston County and the plaintiff Jernigan is the tenant living thereon and cultivating the same. On 6 August, 1939, plaintiff Jernigan had just completed curing a barn of tobacco. The tobacco was "killed out" and there was just enough fire in the furnace to burn three or four hours as the heat dropped. The defendant, a neighbor who had been notified to stay off of the land of the plaintiff and "not bother nothing on my place," in the absence of both plaintiffs, went to the tobacco barn, moved the tobacco about so as to make room for about 40 sticks of swell stem tobacco he wished to kill out. He then renewed the fire in the furnace. In moving the tobacco in the barn, which was dry from the heat of curing, it shattered and fell all about in the barn on the flues and at least one stick of tobacco fell. About 30 minutes after defendant left the barn fire was noticed in the barn which was completely consumed.

The defendant alleged in defense that before putting his tobacco in the barn of plaintiffs he procured the assent of the wife of plaintiff Jernigan; that he caused all leaves and foreign matter to be cleared off of the dirt floor of the barn around the flues and that the fire was not caused by any misconduct on his part.

At the conclusion of plaintiffs' evidence the defendant moved for judgment as of nonsuit. The motion was allowed and judgment of nonsuit was entered. Plaintiffs excepted and appealed.

*Lyon & Lyon and L. L. Levison for plaintiffs, appellants.*
*E. J. Wellons for defendant, appellee.*

BARNHILL, J. An invasion of the close of another . . . constitutes a trespass. 26 R. C. L., 939. An entry on land in the peaceable possession of another is deemed a trespass, without regard to the amount of force used. Neither the form of instrumentality by which the close is broken nor the extent of the damages is material. 26 R. C. L., 938. Thus every unauthorized, and therefore unlawful, entry into the close of another, is a trespass. *Dougherty v. Stepp,* 18 N. C., 371; *Brame v. Clark,* 148 N. C., 364; *Frisbee v. Marshall,* 122 N. C., 760.

Where a trespass is shown the party aggrieved is entitled at least to nominal damages. *Little v. Stanback,* 63 N. C., 285; *Lumber Co. v. Lumber Co.,* 137 N. C., 443; *Hutton v. Cooke,* 173 N. C., 496, 92 S. E., 355; *Lee v. Lee,* 180 N. C., 86, 104 S. E., 76; *Frisbee v. Marshall, supra; Dougherty v. Stepp, supra; Brame v. Clark, supra;* Cooley on Torts (2d), p. 70. 1 Joyce on Damages, sec. 8.

Thus it appears that there is ample evidence of a trespass by the defendant which would entitle the plaintiffs to nominal damages at least and defeat a motion for judgment as of nonsuit.

But the defendant contends that he had the assent of Mrs. Jernigan and that his entry was by permission and not unlawful. This contention must fail for two reasons: (1) Mrs. Jernigan testified that she did not give permission but that she told the defendant his conduct would be dangerous; and (2) even had she given her consent there is no evidence tending to show authority so to do. Furthermore, while it is not entirely clear, the record indicates that Jernigan was a share crop tenant. If so, his possession is the possession of the landlord. However this may be, both the landowner and the tenant are parties plaintiff.

The defendant further insists here that the judgment of nonsuit should be sustained for that there is no evidence of negligence. This position is taken upon the assumption that the complaint states two causes of action, one for trespass and one upon negligence. This is not the case. The plaintiffs allege, in effect, that the defendant committed a trespass and in furtherance thereof so negligently handled the tobacco in the barn and wrongfully renewed the fire as to materially enhance the damages caused by the trespass. The action remains one in trespass and the defendant is liable for all damages which proximately resulted from his illegal act. In law he is required to contemplate all damages which proximately resulted from his wrongful act whether or not produced intentionally or through negligence. "It is wholly immaterial whether the defendant in committing the trespass actually contemplated this, or any other species of damage, to the plaintiff." *Johnson v. R. R.,* 140 N. C., 574; *Brame v. Clark, supra.*

Considered in the light most favorable to the plaintiffs there is evidence tending to show that the defendant went to the tobacco barn of the plaintiffs and moved the tobacco therein at a time when it was dry and brittle; that the tobacco shattered and fell all about in the barn and on the flues and at least one stick fell; that the defendant then renewed the fire. Whether this was the proximate cause of the burning of the barn and the consequent loss is for the jury. True, the defendant asserts that he removed all of the shattered tobacco and left the flues completely clear thereof before adding additional fuel to the fire. Even so, this is in defense and is for the jury.

The judgment below is

Reversed.