ERNEST MATTHEWS v. CATHRYN FORREST, TRADING AS ANGIER
FLORIST.

(Filed 19 March, 1952.)

1. **Trespass § 1a—**

　　Every unauthorized entry on land in the peaceable possession of another constitutes a trespass, without regard to the degree of force used, and entitles the person in actual or constructive possession to nominal damages, at least.

2. **Trespass § 2—**

　　Plaintiff need not allege damages in order to be entitled to recover for a trespass, since a technical trespass alone entitles him to nominal damages, but he must plead actual damages in order to be entitled thereto, and that the trespass was malicious or wanton in order to be entitled to punitive damages.

3. **Trespass § 1a—**

　　A person is in the actual possession of land when he exercises dominion over it by using it for the purposes for which it is ordinarily adaptable and by taking the profits of which it is susceptible, and he is in constructive possession if the land is not in the actual possession of anyone and he has title giving him the right to assume its immediate actual possession.

4. **Trespass § 2—**

　　Allegations to the effect that defendant went to plaintiff's cemetery lot while no one was there is sufficient to support the inference that the lot

was in plaintiff's constructive possession; and allegations to the effect that plaintiff maintained the lot for the burial of his dead pursuant to permission given him by the owner of the fee, is sufficient to allege that the lot was in plaintiff's actual possession.

**5. Same—**

Allegations to the effect that defendant went to plaintiff's cemetery lot without authority from plaintiff and wrongfully and unlawfully carried away floral designs from the grave of plaintiff's wife are sufficient to allege an unauthorized and wrongful entry on plaintiff's grave lot.

**6. Trespass § 6: Damages § 1a—**

Compensatory damages may be awarded to plaintiff for mental suffering endured by him as the natural and probable consequences of a trespass to his burial lot.

APPEAL by defendant from *Godwin, Special Judge,* at the October Term, 1951, of HARNETT.

Civil action in the nature of trespass *quare clausum fregit* heard on a demurrer to the complaint.

This action originated in the Recorder's Court of Harnett County.

The complaint alleges facts substantially as follows:

The plaintiff's wife died 14 November, 1951, and was interred the next day in "the plaintiff's grave lot" at Neill's Creek Baptist Church in Harnett County. At least 56 beautiful floral designs donated by the plaintiff and the friends and relatives of the deceased were placed upon the grave immediately after the burial. While the flowers were still fresh and useful, the defendant wrongfully and unlawfully and without authority from the plaintiff went to the grave, and wrongfully and unlawfully carried away and destroyed all the floral designs, leaving the new-made grave bare and ugly. The plaintiff's sight of his wife's denuded grave and his knowledge that passersby and visitors identified it as "a new grave without . . . flowers" caused him great embarrassment, humiliation, and mental anguish, and damaged him in the sum of $1,000.

The plaintiff "prays judgment against the defendant for the sum of $1,000.00, for the costs of the action, and for such other and further relief as he may be entitled to receive in the premises."

The defendant demurred in writing to the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

The demurrer was overruled in the recorder's court, and the defendant appealed to the Superior Court, where Judge Godwin made a like ruling. The defendant thereupon appealed to the Supreme Court, assigning Judge Godwin's judgment as error.

*Wilson & Johnson for plaintiff, appellee.*
*Neill McK. Salmon for defendant, appellant.*

ERVIN, J.   The demurrer was rightly overruled even if the defendant's thesis that the plaintiff cannot recover damages for mental suffering unaccompanied by physical injury be accepted as valid.

The essence of a trespass to realty is the disturbance of possession.  In consequence, every unauthorized entry on land in the peaceable possession of another constitutes a trespass, without regard to the degree of force used and irrespective of whether actual damage is done.  *Lee v. Stewart,* 218 N.C. 287, 10 S.E. 2d 804; *Brame v. Clark,* 148 N.C. 364, 62 S.E. 418, 19 L.R.A. (N.S.) 1033, 16 Ann. Cas. 73; *Dougherty v. Stepp,* 18 N.C. 371.

A complaint states a good cause of action for trespass to specific realty when its allegations show these ingredients:

1. That the plaintiff was either actually or constructively in possession of the land at the time the alleged trespass was committed.  *Gordner v. Lumber Co.,* 144 N.C. 110, 56 S.E. 695; *Drake v. Howell,* 133 N.C. 162, 45 S.E. 539; *Frisbee v. Town of Marshall,* 122 N.C. 760, 30 S.E. 21; *S. v. Reynolds,* 95 N.C. 616; *McLean v. Murchison,* 53 N.C. 38; *Patterson v. Bodenhammer,* 33 N.C. 4; *Cohoon v. Simmons,* 29 N.C. 189; *McMillan v. Hafley,* 4 N.C. 186; *Kennedy v. Wheatley,* 3 N.C. 402.

2. That the defendant made an unauthorized, and therefore an unlawful, entry on the land.  63 C.J., Trespass, section 149.

3. That the plaintiff suffered damage by reason of the matter alleged as an invasion of his rights of possession.  McIntosh on North Carolina Practice and Procedure in Civil Cases, section 398.

A complaint stating a claim for compensatory damages presents a right to recover at least nominal damages.  *Hutton v. Cook,* 173 N.C. 496, 92 S.E. 355.  Indeed, a complaint states a cause of action for the recovery of nominal damages for a properly pleaded trespass to realty even if it contains no allegations setting forth the character and amount of damages.  *Harris v. Sneeden,* 104 N.C. 369, 10 S.E. 477; *Womack v. McDonald,* 219 Ala. 75, 121 So. 57; *McGill v. Varin,* 213 Ala. 649, 106 So. 44; 25 C.J.S., Damages, section 130.  This is true because an unauthorized entry upon the possession of another entitles him to nominal damages at least.  *Cotton Co. v. Henrietta Mills,* 218 N.C. 294, 10 S.E. 2d 806; *Lee v. Stewart, supra; Kinsland v. Kinsland,* 188 N.C. 810, 125 S.E. 625; *Lee v. Lee,* 180 N.C. 86, 104 S.E. 76; *Hutton v. Cook, supra; Brame v. Clark, supra; Lumber Co. v. Lumber Co.,* 137 N.C. 431, 49 S.E. 946; *Little v. Stanback,* 63 N.C. 285; *Dougherty v. Stepp, supra.*

It is otherwise, however, with respect to compensatory and punitive damages.  If a plaintiff would recover compensatory damages for a trespass to realty, he must allege facts showing actual damage; and if he would recover punitive damages for such a trespass, he must allege circumstances of aggravation authorizing punitive damages.  63 C.J., Tres-

pass, section 155. The complaint in the instant case does not charge that the act of trespass was malicious or wanton. *Brame v. Clark, supra; Wylie v. Smitherman,* 30 N.C. 236; *Duncan v. Stalcup,* 18 N.C. 440. This being true, it alleges no grounds for punitive damages. *Remington v. Kirby,* 120 N.C. 320, 26 S.E. 917.

When the present complaint is read in the light of the relevant rules of law, it is manifest that the plaintiff has stated a valid cause of action for trespass to realty.

To be sure, he does not allege in express terms any possession by him of the property involved in the case. It is not necessary for him to make this essential averment in any special form of words. His complaint is susceptible of two constructions, either of which is ample to withstand the demurrer on this aspect of the case and to permit the introduction of evidence to establish the first ingredient of the alleged trespass.

The two permissible interpretations become apparent when due regard is had for the distinction between actual and constructive possession of real property. This distinction is thus delimited in the recent case of *S. v. Baker,* 231 N.C. 136, 56 S.E. 2d 424: "Actual possession is a tangible fact, and constructive possession is a legal fiction. Actual possession of land consists in exercising acts of dominion over it, and in making the ordinary use of it to which it is adapted, and in taking the profits of which it is susceptible. Constructive possession is that theoretical possession which exists in contemplation of law in instances where there is no possession in fact. When land is not in the actual enjoyment or occupation of anybody, the law declares it to be in the constructive possession of the person whose title gives him the right to assume its immediate actual possession."

The two permissible constructions of the complaint are somewhat alternative in character, and are set forth in paragraphs 1 and 2 below.

1. The complaint impliedly asserts that at the time of the alleged trespass the property involved in the action was "the plaintiff's grave lot," and there was no one in its actual possession claiming adversely to him. This assertion is tantamount to an allegation that at the time at issue the plaintiff had title to the property, and by reason thereof was in its constructive possession. *Gordner v. Lumber Co., supra; S. v. Reynolds, supra; McLean v. Murchison, supra; Cohoon v. Simmons, supra; McMillan v. Hafley, supra;* 63 C.J., Trespass, section 150.

2. The complaint alleges by implication rather than in direct terms that the plaintiff maintained and used the spot of ground designated as his grave lot as a place for the burial of his dead pursuant to permission given him by the owner of the fee, *i.e.,* Neill's Creek Baptist Church. This implied averment is equivalent to an allegation that the plaintiff had actual possession of the grave lot at the time of the alleged trespass. This

is necessarily so because one cannot well exercise acts of dominion over a place of sepulture or put it to the ordinary use for which it is adapted except by maintaining and using it as a place for the burial of the dead. The Supreme Court of South Carolina undoubtedly had this factual truth in mind when it held that one who has been permitted to bury his dead in a cemetery acquires such possession in the spot of ground in which the bodies are buried as will entitle him to maintain trespass against the owners of the fee or strangers who, without his consent, negligently or wantonly disturb it. *Kelly v. Tiner,* 91 S.C. 41, 74 S.E. 30.

The allegations that the defendant wrongfully and unlawfully and without authority from the plaintiff went to the grave of the plaintiff's wife and wrongfully and unlawfully carried away and destroyed the floral designs sufficiently charge that the defendant made an unauthorized and unlawful entry on the plaintiff's grave lot. Moreover, the complaint will justify and require an award of nominal damages if the plaintiff merely shows an unauthorized entry by defendant at the trial.

The complaint lays claim, however, to more than nominal damages. It alleges with positiveness that the plaintiff is entitled to recover compensatory damages for embarrassment, humiliation and mental anguish inflicted upon him by the defendant's desecration of his wife's grave.

The question whether mental suffering unaccompanied by any corporal injury to the plaintiff constitutes a proper element of damages in an action for trespass to realty has sharply divided the courts of the land. 63 C.J., Trespass, section 230. The general debate on the question has provoked the citing of many legal authorities and the splitting of many legal hairs. We forego entry into the general debate and confine our decision to the precise problem at hand. The law must heed the realities of life if it is to fulfill its function. As *Justice Barnhill* so well said in his able opinion in *Lamm v. Shingleton,* 231 N.C. 10, 55 S.E. 2d 810, "the tenderest feelings of the human heart center around the remains of the dead." In recognition of this reality, we hold that compensatory damages may be awarded to a plaintiff for mental suffering actually endured by him as the natural and probable consequence of a trespass to his burial lot, even though his mental suffering may not be accompanied by any physical injury. This conclusion is supported in principle by well considered decisions of this Court. *Lamm v. Shingleton, supra; Sparks v. Products Corp.,* 212 N.C. 211, 193 S.E. 31; *Stephenson v. Duke University,* 202 N.C. 624, 163 S.E. 698; *May v. Telegraph Co.,* 157 N.C. 416, 72 S.E. 1059, 37 L.R.A. (N.S.) 912.

The judgment overruling the demurrer is
Affirmed.