ERNEST MARSICO D/B/A MACKIE BUILDING & SUPPLY COMPANY v. FRED M. ADAMS AND WIFE, IRENE ADAMS

No. 7925SC1123

(Filed 3 June 1980)

1. **Contracts § 27.3– breach of contract – nominal damages – failure to award not prejudicial error**

    The trial court erred in failing to award nominal damages to defendants upon finding that plaintiff had breached the contract between the parties but that defendants had suffered no financial loss by reason of the breach; however, failure of the trial court to award such a trivial sum did not constitute prejudicial error.

2. **Costs § 1.2– breach of contract by plaintiff – taxing of costs against plaintiff**

    The trial court should have taxed the costs to plaintiff where the court found that plaintiff breached the contract between the parties but was entitled to recover in quantum meruit, and defendants were therefore entitled to recover nominal damages for the breach.

APPEAL by defendants from *Graham, Judge.* Judgment entered 19 June 1979 in Superior Court, CALDWELL County. Heard in the Court of Appeals 15 May 1980.

The parties entered into a contract on 24 February 1972 whereby plaintiff agreed to construct a house for defendants in consideration of $24,000. Plaintiff completed construction of the foundation, subflooring, roofing and all rough-in work before defendants ordered him to cease work and vacate the premises. At that point in time, defendants had paid plaintiff $8,500 as consideration for partial performance of the contract.

Plaintiff contractor filed this action against defendants, alleging that he had "... performed all of his obligations under [the] contract in a reasonable and professional manner ...." Plaintiff requested a sum, which, in addition to the money defendants had already paid, would come close to equaling the contract price. Plaintiff also requested attorney's fees plus the costs of the action.

Defendants answered the complaint, alleging breach of the contract by plaintiff. Defendants requested that the action be dismissed and that they "... recover their costs and such other

relief as the court deems proper." The trial court found that plaintiff had substantially breached the contract but that plaintiff was entitled to recover in quantum meruit. No setoff was granted to defendants, nor were nominal damages awarded for the breach. Defendants appealed from the judgment.

*West, Groome & Correll, by H. Houston Groome Jr. and Edward H. Blair Jr., for plaintiff appellee.*

*Wilson, Palmer & Cannon, by David P. Palmer Jr., for defendant appellants.*

HILL, Judge.

Defendants properly bring forth an argument in their appellate brief and state in part that, "... at least nominal damages should be awarded by way of a setoff ...." Defendants base their argument on their assignment of error #13 and exception #28. When we look to the record, however, no exception #28 is apparent.

Appellate Rule 10(b) states that,

Each exception shall be set out immediately following the record of judicial action to which it is addressed .... Exceptions set out in the record on appeal shall be numbered consecutively ....

The Rules of Appellate Procedure are mandatory. *Craver v. Craver,* 298 N.C. 231, 236, 258 S.E. 2d 357 (1979). Failure to follow the Rules subjects defendants' appeal to dismissal. We have decided, however, to treat the purported appeal as a petition for writ of certiorari and allow it in order that we may decide the case on its merits.

[1] The trial court in its conclusions stated that the plaintiff breached the contract between the parties by failing "... to perform the work specified in the contract in a workmanlike manner." The trial court further concluded that plaintiff's

breach was substantial, but found as fact, "[t]hat [d]efendants suffered no financial loss by reason of [p]laintiff's failure to perform the work required by the contract in a workmanlike manner." No exception was taken to any findings of fact, conclusions of law, or to the judgment.

Defendants argue in their appellate brief that nominal damages, at least, should have been awarded to them. We agree. "A party is entitled to nominal damages if the jury [in this case, the trial judge] find that there has been any injury to his legal rights." *Hutton v. Cook*, 173 N.C. 496, 499, 92 S.E. 355 (1917).

Error by the trial judge in failing to grant nominal damages is not reversible error in this case, however. Nominal damages are "... a small trivial sum ..."; a "... trifling amount ..." that is only awarded in recognition of a technical injury. *See Hairston v. Greyhound Corp.*, 220 N.C. 642, 644, 18 S.E. 2d 166 (1942). Such a trivial sum, that is awarded for technical rather than substantial injury, does not in this circumstance constitute prejudicial and reversible error. *Accord see* RESTATEMENT OF CONTRACTS, § 328, Comment b (1932).

[2] We do find, however, that this case must be modified. The trial court taxed the costs of the action to the defendants. Nominal damages, which defendants were entitled to, "... have been described as 'a peg on which to hang costs.'" *Hutton, supra*, at p. 499. Because the court found that plaintiff was in breach of the contract, and because defendants were entitled to nominal damages, the trial court should have taxed the costs to the plaintiff.

Modified and Affirmed.

Judges MARTIN (Robert M.) and ARNOLD concur.