Schell v. Rice

MARTHA E. SCHELL v. J. L. RICE AND WALTER WARD

No. 776DC277

(Filed 1 August 1978)

**1. Trespass § 4; Trespass to Try Title § 1— right of life tenant to bring trespass action**

A life tenant of land had the right to maintain an action for trespass based on defendants' construction of a building on the land, and the nonjoinder of the remaindermen did not entitle defendants to a directed verdict but at most entitled them to have the remaindermen joined as parties upon their motion to do so.

**2. Trespass to Try Title § 4— title by adverse possession—sufficiency of evidence**

Plaintiff's evidence in an action for trespass was sufficient to show open, notorious, continuous, adverse and unequivocal possession of the land in controversy, under color of title in herself and those under whom she claims, for more than 21 years before the action was brought, where plaintiff introduced a 1926 deed to her father and connected herself with that title by introducing the wills of her father and mother, and plaintiff testified that her father had farmed the property during his lifetime, and that after her father's death in 1943, her mother and the plaintiff had continuously sharecropped the property up until the time of the trial.

**3. Trespass to Try Title § 4.1— fitting descriptions to land claimed**

Plaintiff's evidence in a trespass action was sufficient to establish the location on the ground of the boundary lines of the property described in the complaint where an expert surveyor testified to the several surveys which he had made of the property, to the location on the ground of the lines which he had established by those surveys, to the old marked corners which he had found, to the exact location of the western boundary line across which defendants had commenced construction of a building, and to the identity of that western boundary line with the western line of the tract described in a 1926 deed to plaintiff's father.

**4. Rules of Civil Procedure § 50.2— directed verdict—party having burden of proof**

The trial court erred in directing a verdict in favor of plaintiff in a trespass action since the plaintiff's right to recover depended upon the credibility of her witnesses.

APPEAL by defendants from *Blythe, Judge*. Judgment entered 19 November 1976 in District Court, Northampton County. Heard in the Court of Appeals 1 February 1978.

Plaintiff instituted this action against the original defendant, Rice. In her complaint plaintiff alleged that she is the owner of a

tract of land, which is particularly described by metes and bounds in the complaint, containing 102.56 acres more or less located in Northampton County, that defendant constructed a building which encroaches on a part of plaintiff's land to the extent that practically one-half of the building is built on plaintiff's land, and that in connection therewith defendant cut certain trees which were located entirely on plaintiff's land. Plaintiff sought to recover damages caused by defendant's construction of the building, to recover treble damages for the value of the trees cut, and prayed for an injunction enjoining defendant from maintaining his building on plaintiff's land. A temporary restraining order was entered enjoining defendant from trespassing upon the lands of plaintiff described in the complaint, which restraining order was subsequently continued in effect pending determination of the case on the merits.

Defendant Rice filed answer denying all allegations in the complaint and alleging as a counterclaim that "plaintiff is trying to take defendant's building with a malicious undertone" [sic], for which defendant prayed that he recover actual and punitive damages. Thereafter defendant Ward was added as a party defendant by order of court after it was made to appear that the original defendant had transferred his interest to the real estate in question to Ward. Defendant Ward filed answer and counterclaim identical with that filed by defendant Rice.

At trial before a jury, plaintiff introduced in evidence a recorded deed dated 17 November 1926 by which R. E. Brown and wife conveyed to plaintiff's father, W. C. Ellis, a particularly described tract of land containing 104.2 acres, more or less. J. C. Shearin, a registered surveyor and civil engineer, testified for plaintiff that he had first become familiar with the property in 1933 when he had made a map of the property for W. C. Ellis for a Federal Land Bank loan, that he next ran some of the western boundary lines of the property in 1947 or 1948, and that he had again surveyed the property in 1974, at which time he had prepared a map for plaintiff showing the 102.56 acre tract described in the complaint. This map was introduced in evidence as plaintiff's Exhibit D. This witness also testified that he had again surveyed the western boundary line of the property in 1976 and found that the line ran through a building then under construction, one part of the building encroaching approximately twenty

feet over on plaintiff's side of the line. He had prepared a map showing this portion of the western boundary line with the building encroaching over the line, which map was introduced in evidence as plaintiff's Exhibit E. The map which the witness had prepared in 1933 for the Federal Land Bank loan was introduced in evidence as plaintiff's Exhibit F. The witness testified that the western boundary line shown on plaintiff's Exhibits D, E, and F was the same line.

Plaintiff also introduced in evidence the will of her father, Wiley Coker Ellis, who died in 1943, by which he devised all of his property to his wife, Annie Musgrove Ellis, who was plaintiff's mother, and the will of Annie Musgrove Ellis, who died in 1970, by which she gave all of her property to plaintiff "for her lifetime," with the direction that at plaintiff's death "the property both real and personal shall be equally divided between her heirs, William (Billy) Schell, Jr., and Wiley A. Schell," who are plaintiff's sons.

Plaintiff testified that her father had farmed the property during his lifetime, that after he died in 1943 her mother had sharecropped the property with a Mr. Joyner until her mother's death in 1970, and that since her mother's death she has continued to sharecrop the property with Mr. Joyner. She also testified that when she found out that construction was taking place on her property, she had gone to the site to take pictures, at which time defendant had come to her and had asked if she would sell him the piece that was being built upon, that she had refused to sell, and that defendant did not stop construction until the court had issued a restraining order.

At the close of plaintiff's evidence, defendants' motion for directed verdict dismissing plaintiff's action was denied except as to plaintiff's claim for damages for cutting timber. Defendants did not present evidence. Plaintiff then moved for a directed verdict in her favor, which motion was allowed except as to plaintiff's claim for damages. Defendants' subsequent motions for judgment in accord with their previous motion for a directed verdict notwithstanding the court's decision and for a new trial were denied.

Judgment was entered enjoining defendants from maintaining their building upon the premises of the plaintiff as described in the complaint, ordering defendants to remove the building from

said premises and to restore the land to its original condition, and enjoining defendants from cutting trees on plaintiff's premises. From this judgment, defendants appealed.

*Allsbrook, Benton, Knott, Allsbrook & Cranford by William O. White, Jr. for plaintiff appellee.*

*Satisky & Silverstein by Howard P. Satisky for defendants appellants.*

PARKER, Judge.

[1] Defendants first assign error to the denial of their motion for a directed verdict. They contend that their motion should have been allowed, first, because plaintiff's evidence showed that she held only a life estate in the property, the remainder interest being in her two sons who are not parties to this action. There is no merit to this contention. As life tenant plaintiff was entitled to the immediate possession of the property, and she was entitled to recover at least nominal damages for any trespass which interfered with her possessory interest. *Lee v. Lee*, 180 N.C. 86, 104 S.E. 76 (1920). It has long been recognized that one in possession of real property holding rights far less substantial than those of a life tenant may maintain an action against a third party trespasser to recover for injury to his possession. *See, e.g., Smith v. Fortiscue*, 48 N.C. 65 (1855); Annot., 12 A.L.R. 2d 1192 (1950); Dobbs, *Trespass to Land in North Carolina—Part I. The Substantive Law*, 47 N.C. L.Rev. 31, 40-42 (1968). In such a case, of course, the owner of the title is a proper and may be a necessary party to an action of trespass, when the wrongful invasion of the property involves an injury both to the possession and to the inheritance. *Tripp v. Little*, 186 N.C. 215, 119 S.E. 225 (1923). However, the failure to join even a necessary party is not grounds for dismissal of the action, the remedy being to add the necessary party, which may be done "by order of the court on motion of any party or on its own initiative at any stage of the action." G.S. 1A-1, Rule 21. In the present case, the plaintiff, as holder of the life estate, had a right to maintain this action to protect her interest in the property. Nonjoinder of the remaindermen did not entitle defendants to a directed verdict, but at most entitled them to have the remaindermen joined as parties upon their motion to do so. Defendants made no such motion.

Schell v. Rice

[2] Defendants next contend that their motion for directed verdict should have been allowed because plaintiff failed to prove her title in any of the ways enumerated in *Mobley v. Griffin*, 104 N.C. 112, 10 S.E. 142 (1889). We do not agree. The 1926 deed to plaintiff's father constituted color of title, and plaintiff connected herself with that title by introducing the wills of her father and mother. She also testified that her father had farmed the property during his lifetime, and that after her father's death in 1943, her mother and the plaintiff had continuously sharecropped the property up to the time of the trial in 1976. Thus, plaintiff's evidence, when viewed in the light most favorable to her as it must be in passing on defendants' motion for directed verdict, was sufficient to show open, notorious, continuous, adverse, and unequivocal possession of the land in controversy, under color of title in herself and those under whom she claims, for more than twenty-one years before the action was brought. This was one of the methods listed in *Mobley v. Griffin, supra*, by which a *prima facie* showing of title may be made.

[3] Finally, defendants contend their motions for a directed verdict should have been allowed because plaintiff's evidence was insufficient to establish the location on the ground of the boundary lines of the property described in the complaint. Again, we do not agree. The plaintiff's witness, J. C. Shearin, a registered land surveyor and civil engineer who was accepted by the court as an expert surveyor, testified to the several surveys which he had made of the property, to the location on the ground of the lines which he had established by those surveys, to the old marked corners which he had found, and in particular to the exact location of the western boundary line across which defendants had commenced construction of their building. He also testified to the identity of that western boundary line with the western line of the tract described in the 1926 deed to plaintiff's father. This evidence sufficiently located the boundary lines of plaintiff's property to withstand defendants' motion for a directed verdict. We find no error in the denial of defendants' motion.

[4] Defendants' second assignment of error is that the court erred in allowing plaintiff's motion for a directed verdict. This assignment of error has merit. Plaintiff had the burden of proving that she had title to the property and that defendants had trespassed thereon. Essential for that purpose was the testimony

of the plaintiff and of her witness, J. C. Shearin. A directed verdict may not be granted in favor of the party having the burden of proof when his right to recover depends upon the credibility of his witnesses. *Cutts v. Casey*, 278 N.C. 390, 180 S.E. 2d 297 (1971). In the present case plaintiff's right to recover depended upon the credibility of her witnesses, and it was error to direct a verdict in her favor. For this error there must be a

New trial.

Judges MARTIN and ARNOLD concur.