VIRGIL STUART AND WIFE, LILLIAN STUART v. RICHARD BRYANT AND WIFE,
PATTY ANN BRYANT

No. 7824SC333

(Filed 6 March 1979)

1. **Rules of Civil Procedure § 50.2— directed verdict for party with burden of proof**

     In an action by plaintiffs to be declared the owners of certain real estate, the trial court erred in directing a verdict finding record title in plaintiffs since plaintiffs had the burden of proof, and whether they met that burden was a question for the jury.

2. **Adverse Possession § 25.2— boundaries not located on ground—insufficient evidence of adverse possession**

     The trial court properly entered judgment n.o.v. in favor of plaintiffs on defendants' claim of adverse possession where the evidence was insufficient to

establish the location on the ground of the boundary lines of the property claimed by defendants.

APPEAL by defendants from *Howell, Judge.* Judgment entered 2 September 1977 in Superior Court, YANCEY County. Heard in the Court of Appeals 19 January 1979.

Plaintiffs bring this action to be declared the owners of certain real estate, to have defendants enjoined from entering upon it, and for damages. Defendants deny plaintiffs' ownership and counterclaim to have title declared in them. The parties stipulate that the disputed parcels are located within a larger tract, the deed of which is their common source of title. At the close of the evidence, the court entered a directed verdict for plaintiffs with respect to record title. The jury then found that the defendants had acquired the property by adverse possession, but the trial court granted plaintiffs' motion for judgment notwithstanding the verdict. Defendants appeal.

*Staunton Norris for plaintiff appellees.*

*Pritchard, Hise & Howell, by Lloyd Hise, Jr., for defendant appellants.*

ARNOLD, Judge.

[1] Defendants argue that it was error for the court to direct a verdict finding record title in plaintiffs. They rely on *Cutts v. Casey,* 278 N.C. 390, 180 S.E. 2d 297 (1971), for their position that it is improper to direct a verdict for the party with the burden of proof. In that case, an action of trespass to try title, the court spoke to this question at length, saying that even where the evidence is uncontradicted, a directed verdict in favor of the party having the burden of proof is improper, since the credibility of the witnesses is always for the jury. Instead of a directed verdict, the court may give a peremptory instruction that "if the jury find the facts to be as all the evidence tends to show, it will answer the inquiry in an indicated manner." *Id.* at 418, 180 S.E. 2d at 311.

Plaintiffs, while not disputing this analysis, argue that there is no question of credibility here, but only a question of law. However, even if it be true, as plaintiffs contend, that defendants

have failed to establish on the ground the tract to which they claim title, plaintiffs retain the burden of proving their own contentions. "A failure of one of the parties to carry his burden of proof on the issue of title does not, ipso facto, entitle the adverse party to an adjudication that title to the disputed land is in him. He is not relieved of the burden of showing title in himself." *Id.* at 411, 180 S.E. 2d at 307. And the determination of whether the plaintiff has met this burden is for the jury. Based on *Cutts* we must find that the directed verdict on the issue of record title was improperly granted. *Accord Schell v. Rice*, 37 N.C. App. 377, 246 S.E. 2d 61 (1978).

[2] Defendants further contend that the trial court erred in entering judgment notwithstanding the verdict in favor of plaintiffs on defendants' claim of title by adverse possession. We find, however, that the defendants failed to carry their burden of proof, and the trial court was correct.

Among the requirements for establishing title by adverse possession is that the possession must have been under "color of title." G.S. 1-38. Color of title has been defined as a writing which "professes and appears to pass the title, but fails to do so." *Smith v. Proctor*, 139 N.C. 314, 324, 51 S.E. 889, 892 (1905). Defendants offered into evidence several deeds which they contend established their chain of title. Assuming, however, that these deeds convey to defendants the land described in them, we find in the record no evidence that it is the same land which defendants allege that they own by adverse possession.

Deeds offered into evidence by defendants purport to pass title as follows: In 1905 a conveyance from A to B and in 1906 a conveyance from B to C of 60 acres more or less in Yancey County, "on the west side of the Toe River, adjoining the lands of James Lewis on the south, W. Bryant and the Johnston heirs on the west, Baxter Bennett on the north and Toe River on the east," the tract of land formerly owned by G. C. Peterson and Francis Peterson; in 1929 a conveyance from C to D of "all the lands and interests in lands" which C owns in Yancey County; in 1964 a conveyance from D to E and later from E to F of 1.9 acres of the tract,

BEGINNING at the northeasterly corner of the tract of land conveyed by Holston Corporation to Billie Peterson, by

deed dated October 6, 1916; thence South 89 degrees 200 feet to the West bank of Toe River; thence up Toe River in a southerly direction 1550 feet to a point; thence South 40 degrees West approximately 290 feet to the southeasterly corner of the tract of land conveyed by Holston Corporation to Billie Peterson by deed dated October 6, 1916; thence with the easterly line of said Billie Peterson tract 1600 feet to the BEGINNING,

and in 1975 a conveyance from F to defendants containing the same description as that in the 1964 deeds. Defendant Richard Bryant testified at trial that "[m]y deed calls for 4 points. I do not know of my own knowledge where these points are located on the ground. . . . I do not know where any of these points are as the result of a survey." He acknowledged that the streams and fence he claimed as his boundaries did not appear in his deed. Dallas Miller, a registered land surveyor, testified for defendants that "[y]ou can't locate anything on the ground from the [defendants'] deed." In order to locate defendant's corners from his deed "I would have to survey the entire 60-acre tract from which both parties' land comes, which I did not do." No other witness for defendants presented any evidence which would tend to locate on the ground the tract which defendants allege they own by adverse possession.

Defendants argue that testimony by Dallas Miller, R.L.S., that he could locate the beginning corner of defendants' description by making certain computations based on various points contained in the trial map offered by plaintiffs into evidence was some evidence to show the location on the ground of their land. However, as plaintiffs correctly argue in support of the judgment notwithstanding the verdict, Mr. Miller's hypothetical testimony did not amount to testimony as to the location of defendants' land on the ground.

" 'Where a party introduces a deed in evidence, which he intends to use as color of title, he must prove that its boundaries cover the land in dispute. . . . It is error to allow a jury on no evidence . . . to locate the land described in a deed.' " *Skipper v. Yow*, 238 N.C. 659, 662, 78 S.E. 2d 600, 603 (1953). Although the defendants' evidence here might have established all the other elements of adverse possession, the evidence was insufficient to

establish the location on the ground of the boundary lines of the property claimed by defendants. Thus, judgment notwithstanding the verdict on the issue of adverse possession was properly entered.

Affirmed in part and reversed in part and remanded for new trial on the issue of record title.

Judges PARKER and WEBB concur.